OPINION
Appellant, Donald Clayton Hubin, has filed a motion for reconsideration and a motion to certify a conflict. Appellant requested this court to reconsider its decision affirming the trial court's decision. See Hubin v. Hubin (June 30, 2000), Franklin App. No. 99AP-1156, unreported. The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. Columbusv. Hodge (1987), 37 Ohio App.3d 68; Matthews v. Matthews (1981),5 Ohio App.3d 140. Appellant contends that this court failed to consider or fully consider his third assignment of error, which provided:
 III. THE TRIAL COURT ERRED WHEN IT FAILED TO APPLY R.C. 3113.215(B)(6)(a), AND INSTEAD APPLIED R.C. 3113.215(C), IN DETERMINING EACH PARTY'S PRESUMPTIVE CHILD SUPPORT OBLIGATION.
Appellant argues that this court properly determined that R.C.3113.215(B)(6)(a) must be applied when a court determines child support in a shared parenting case, but failed to find that R.C.3113.215(B)(6)(a) requires a court to rebuttably presume that each parent must pay his or her child support obligation as stated on line twenty-four of the child support worksheet.
Contrary to appellant's assertion, this court fully considered the arguments raised in the third assignment of error. The amount of child support calculated on line twenty-four is "rebuttably presumed" to be the correct amount of child support due and the court shall order that amount unless that amount is unjust or inappropriate and would not be in the best interest of the child and the court journalizes findings of fact supporting that finding. R.C. 3113.215(B)(1). In such a case, a deviation is appropriate, which is what happened here.
Pursuant to Pauly v. Pauly (1997), 80 Ohio St.3d 386, R.C. 3113.215(B)(6)(a) is the appropriate provision to determine child support in a shared parenting situation, not R.C.3113.215(C), which contains a presumption that the residential parent and legal custodian spends his or her child support obligation on the child and provides for the right to an offset in child support obligations where the parties have split rights and responsibilities. The court in Pauly also set forth that no offset is appropriate when using the worksheet provided in R.C.3113.215(E) in a shared parenting situation.
Appellant again argues that the trial court applied R.C.3113.215(C) rather than R.C. 3113.215(B) because, in essence, the trial court designated appellee's actual annual obligation as $0 rather than $7,000 since the trial court did not offset appellant's obligation of $8,696 with appellee's obligation of $7,000. Therefore, appellant argues that the trial court must have applied R.C. 3113.215(C) and the presumption that the residential parent and legal custodian spends his or her child support obligation on the child. In this case, the trial court applied R.C. 3113.215(B) and deviated from the obligations provided on line twenty-four of the worksheet. It did not apply R.C. 3113.215(C).
Appellant's motion for reconsideration raises no new arguments that were either not considered at all or were not fully considered by this court, nor does it raise an obvious error. Appellant's motion for reconsideration is denied.
In his motion to certify a conflict, appellant argues that this court's decision is in conflict with Weinberger v.Weinberger (May 15, 1998), Hamilton App. No. C-970552, unreported;Congdon v. Congdon (Nov. 13, 1998), Hamilton App. No. C-971002, unreported; Luke v. Luke (Feb. 20, 1998), Lake App. No. 97-L-044, unreported; Beard v. Beard (1998), 130 Ohio App.3d 102; Anthony v.Anthony (Dec. 3, 1999), Lake App. No. 98-L-222, unreported; andFrench v. Burkhart (May 22, 2000), Delaware App. No. 99CAF07038, unreported.
Section 3, Article IV, of the Ohio Constitution provides:
 (4) Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination.
In Whitelock v. Gilbane Bldg. Co. (1993), 66 Ohio St.3d 594, paragraph one of the syllabus, the Ohio Supreme Court held:
 Pursuant to Section 3(B)(4), Article IV of the Ohio Constitution and S.Ct.Prac.R. III, there must be an actual conflict between appellate judicial districts on a rule of law before certification of a case to the Supreme Court for review and final determination is proper.
Appellant contends that our decision is in conflict with the other cited appellate decisions regarding two issues, as follows:
 1. When a court determines child support in a shared parenting case, must a court presume that each parent must pay his or her child support obligation on line 24 of the child support worksheet?
 2. When a court determines child support in a shared parenting case, may a court grant a deviation regarding either parent's child support obligation as stated on line 24 of the child support worksheet without complying with R.C. 3113.215(B)(1) by: first, determining that the amount of child support on line 24 would be unjust or inappropriate and would not be in the best interest of the children; second, making findings of fact supporting that determination; and third, entering in its journal said determination and findings of fact?
Appellant's first issue, as written, is not sufficiently clear to be certified as the issue to the Supreme Court of Ohio. As written, appellant's issue has the court presuming that each parent must pay his or her obligation but does not address the necessity of the trial court issuing a child support order. Thus, the trial court would presume each parent is to pay his or her obligation for the child each year but no order to pay child support would exist. In essence, appellant's issue is better framed as follows:
 When determining the proper amount of child support for shared parenting, must a court presume that each parent must pay his or her child support obligation on line twenty-four of the child support worksheet and then order the difference through an offset?
This court determined that the Supreme Court of Ohio, inPauly, found that, in a shared parenting case, a trial court should use the worksheet provided in R.C. 3113.215(E), which contains no setoff provision. However, this decision is in conflict with Weinberger. In Weinberger, the First District Court of Appeals reversed the trial court. The trial court did not designate the father as a residential parent even though a shared parenting plan was involved. The mother's child support obligation was not incorporated into the child support order while the father's obligation was incorporated. The appellate court found that the trial court's failure to recognize both parties as residential parents resulted in an order that prejudiced the father because he was required to pay child support but the mother was not. The appellate court remanded the case for the trial court to redetermine the child support order.
In Congdon, the trial court only determined the defendant's support obligation and failed to calculate any support obligation for plaintiff. The appellate court reversed the decision and remanded the cause for a reconsideration of the support obligation in light of Pauly and Weinberger.
In Luke, the court applied R.C. 3113.215(B)(6)(a) andPauly, and determined that both parents under a shared parenting plan are required to pay child support and an offset of one obligation from the other should be used, rather than two orders.
In Beard, the court followed Luke and required the trial court to calculate the parties' support obligations pursuant to the worksheet and then subtract the smaller support obligation from the larger obligation and order the net amount.
In Anthony, the court again applied Luke, finding that a residential parent's obligation is not presumed to be spent on the child because R.C. 3113.215(B)(6), which applies to shared parenting agreements, makes no such provision. Then the court found that the trial court should offset the parties' support obligations.
In French, the Fifth District Court of Appeals found that "a trial court maintains the discretion whether to accommodate the best interests of children under shared parenting plans by applying either a Weinberger-type offset formula, or calculating a guideline order using the `sole custody calculation with deviations' method."
Thus, our decision is clearly in conflict with these other decisions on appellant's first issue.
In his second issue, appellant contends that our decision determined that, when a trial court determines child support in a shared parenting case, a court may grant a deviation regarding the obligee's support obligation as stated in line twenty-four of the child support worksheet without complying with R.C. 3113.215(B)(1), which requires the trial court to determine that the presumptive child support obligation would be unjust or inappropriate and not in the best interest of the child and to journalize findings of fact supporting these determinations; however, that is not an accurate statement of our decision. Appellant argues that the trial court, in essence, deviated from the guideline amount for appellee because, rather than ordering appellee to pay her actual annual obligation as stated on line twenty-four of the worksheet ($7,000), or ordering an offset of appellant's obligation and appellee's obligation, the trial court only ordered appellant to pay child support. Appellant argues that this results in a deviation of $7,000 to $0 and the trial court failed to support such a deviation with findings of fact.
However, this court found that this action is not a deviation for appellee but is merely the trial court appropriately following the guidelines and the child support worksheet. The trial court did support its deviation for the total order from the guideline amount by finding a deviation appropriately based on the amount of time the children spend with each parent. This court did not hold that the trial court must not comply with R.C.3113.215(B)(1). Since appellant mischaracterizes this court's holding, our decision is not in conflict with the other decisions concerning the second issue.
For the foregoing reasons, appellant's motion to reconsider is denied, appellant's motion to certify is granted as to the first issue and the clerk of the Tenth District Court of Appeals is instructed to certify the record of this case to the Supreme Court of Ohio for review and final determination on the following issue:
 When determining the proper amount of child support, must a court presume that each parent must pay his or her child support obligation on line twenty-four of the child support worksheet and then order the difference through an offset?
BROWN and KLINE, JJ., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.