Whitelock et al., Appellees, v. Gilbane Building Company, Appellant.

[Cite as Whitelock v. Gilbane Bldg. Co. (1993),     Ohio St.3d     .]

Appellate procedure -- Supreme Court jurisdiction -- Actual conflict between appellate districts on rule of law must exist before certification of conflict is proper -- Journal entry certifying conflict must clearly set forth rule of law upon which alleged conflict exists.

---

1. Pursuant to Section 3(B)(4), Article IV of the Ohio Constitution and S.Ct.Prac.R. III, there must be an actual conflict between appellate judicial districts on a rule of law before certification of a case to the Supreme Court for review and final determination is proper.

2. When certifying a case as in conflict with the judgment of another court of appeals, either the journal entry or opinion of the court of appeals so certifying must clearly set forth the rule of law upon which the alleged conflict exists.

---

(No. 92-1143 -- Submitted February 17, 1993 -- Decided June 30, 1993.)

Certified by the Court of Appeals for Cuyahoga County, Nos. 60084 and 60610.

In 1982, appellant, Gilbane Building Company, was hired by the Cleveland Clinic to supervise construction of a large expansion program undertaken by the clinic. To assist in carrying out the construction project, appellant hired various subcontractors. One of those subcontractors was G-A Masonry, the bricklaying trade contractor. Appellee Andrew Whitelock was an employee of G-A Masonry.

On March 29, 1985, appellee, while working at the construction site, fell from a five-foot-high scaffold. The scaffold had been erected by employees of G-A Masonry. Appellee was injured in the fall.

Appellee and his wife brought this negligence action in the Court of Common Pleas of Cuyahoga County against the appellant general contractor, among others. At trial, appellees contended that a safety program, instituted by appellant for the clinic expansion, imposed a duty of care on appellant for the safety of employees of subcontractors. Appellant contended that it did not actively participate in the inherently hazardous work of the subcontractor and, thus, it owed no duty of care to the subcontractor's employees.

After appellant's motion for directed verdict was overruled by the trial court, the jury found appellant negligent and returned a verdict in favor of appellees. The jury also found appellee to be thirty percent contributorily negligent and judgment was entered against appellant in the amount of $175,000.

Upon appeal, the court of appeals, in a split decision, affirmed the judgment of the trial court. Upon motion of appellant, the court of appeals certified the

record of this case to this court for review and final determination.

Michael R. Kube, for appellees.
Gallagher, Sharp, Fulton & Norman and Thomas J. Kaiser, for appellant.

Douglas, J.      Section 3(B)(4), Article IV of the Ohio Constitution provides that, "[w]henever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination." (Emphasis added.)

S.Ct. Prac.R. III(6) provides:

"Remand for Clarification.  In a case certified to the court if the rule of law upon which the alleged conflict exists is not clearly set forth in the journal entry or opinion of the Court of Appeals certifying the case, the case may be remanded to the Court of Appeals with an order that the issue presented be clarified by such court." (Emphasis added.)

I
Certification

From the foregoing, it can be discerned that at least three conditions must be met before and during the certification of a case to this court pursuant to Section 3(B)(4), Article IV of the Ohio Constitution.  First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question."  Second, the alleged conflict must be on a rule of law -- not facts.  Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.  Because we have been observing a steady increase of cases being certified to us, pursuant to the constitutional "conflict" provisions, which do not and have not met the foregoing conditions, we have chosen this case (rather than remand to the court of appeals for clarification pursuant to the authority granted us by S.Ct.Prac.R. III[6]) as a vehicle to respectfully remind our valued colleagues in the courts of appeals of the rules involving certification on the basis of conflict.

In its entirety, the journal entry of the certifying court of appeals in the case at bar reads:  "Motion by Appellant to Certify for Conflict Granted."  Further, like the journal entry, the opinion of the court of appeals' majority also does not, in any way, set forth a rule of law upon which an alleged conflict exists between appellate districts, nor is there any citation to any case from another district which is alleged to be in conflict. While it is true that the concurrence in part and dissent in part of Judge Krupansky urges the majority to certify

this case to this court on the basis of conflict with two other cases from the Eighth Appellate Judicial District, such a certification would again not have met the mandates of Section 3(B)(4), Article IV of the Ohio Constitution and S.Ct.Prac.R. III(1) that the conflict case must be from "another [other] Court of Appeals."1

Accordingly, if we are to decide this case as a certified conflict case, we must find, in the record, a case from another district which is in conflict with the case certified to us. Even though it is not strictly in keeping with the rules, we have decided (for this case only) to search the record for an alleged conflict case for the purpose of further making our point concerning certification.

In searching the record, we find, filed in the court of appeals below, appellant's "Motion to Certify for Conflict." That motion sets forth three cases from districts other than the Eighth which appellant contends are in conflict with the case at bar. These cases are Meadors v. Zaring Co. (1987), 38 Ohio App.3d 97, 526 N.E. 2d 107, Mount v. Columbus & S. Ohio Elec. Co. (1987), 39 Ohio App.3d 1, 528 N.E.2d 1262, and Brauning v. Cincinnati Gas & Elec. Co. (1989), 54 Ohio App.3d 38, 560 N.E.2d 811. Thus, if the cases are in actual conflict, then appellant has met one of the conditions -- that a conflict case emanates from "another Court of Appeals."

## II
### The Case at Bar

The general rule is that when one engages an independent contractor to perform an inherently dangerous task, the hiring party is not liable for injuries sustained by an employee of the independent contractor. Wellman v. East Ohio Gas Co. (1953), 160 Ohio St. 103, 51 O.O. 27, 113 N.E.2d 629. In Hirschbach v. Cincinnati Gas & Elec. Co. (1983), 6 Ohio St.3d 206, 6 OBR 259, 452 N.E.2d 326, we carved out an exception to the general rule. In Hirschbach, we held that "[o]ne who engages the services of an independent contractor, and who actually participates in the job operation performed by such contractor and thereby fails to eliminate a hazard which he, in the exercise of ordinary care, could have eliminated, can be held responsible for the injury or death of an employee of the independent contractor."

Subsequently, in Cafferkey v. Turner Constr. Co. (1986), 21 Ohio St.3d 110, 21 OBR 416, 488 N.E.2d 189, we refined the holding in Hirschbach. In Cafferkey, we held that "[a] general contractor who has not actively participated in the subcontractor's work, does not, merely by virtue of its supervisory capacity, owe a duty of care to employees of the subcontractor who are injured while engaged in inherently dangerous work."

With this law in place, the trial court had before it the contract between appellant and the Cleveland Clinic and, in construing the evidence most strongly in favor of appellees, overruled appellant's motion for a directed verdict. In affirming the judgment of the trial court, the court of appeals stated that "* * * Gilbane

[appellant] wrote a detailed safety program, was involved in inspections to uncover unsafe conditions, and had the authority to actually dictate the manner in which a task was performed." In so finding, the court of appeals distinguished, on its facts, Cafferkey from the case at bar. On this factual question we will not substitute our judgment for the judgment of the trial court, even if our judgment might differ from that of the court of appeals.

## III
### No Conflict

In attempting to meet the condition that there must be some conflict in a rule of law between districts before certification is proper and in an attempt to comply with Local App.R.112 of the Eighth Appellate Judicial District, appellant urged the court of appeals and urges this court that the judgment of the court of appeals in the case at bar conflicts with the rule of law that "[a] general contractor who has not actively participated in the inherently hazardous work of a subcontractor owes no duty of care to the subcontractor's employees and is not responsible for injuries suffered by those employees." This statement by appellant is, essentially, nothing more than a restatement of our syllabus in Cafferkey. While the facts and ultimate judgment in the case now before us may (or may not) be at odds with Cafferkey, that is of no moment on the question of certification on the basis of conflict. For certification to be proper, there must be conflicting decisions between districts on a rule of law. If a judgment of a court of appeals is alleged to be in conflict with one of our decisions, that is not a proper ground for certification. Such an aggrieved party has only the recourse of appeal to this court.

In each of the three cases cited by appellant as being in conflict with the case at bar, the court of appeals cited, discussed and/or followed Hirschbach and/or Cafferkey. None of these three cases is in conflict on "a rule of law," as each was decided on its own facts giving full consideration to the law as announced in Cafferkey. Factual distinctions between cases do not serve as a basis for conflict certification. This is so even though we may not agree with the ultimate judgment of a court of appeals on the facts before it.

## IV
### Conclusion

The case now before us should not have been certified to us by the Eighth Appellate Judicial District. In addition, the procedural requirements for certification were not properly met by the court of appeals.

Accordingly, we respectfully urge our sisters and brothers in the courts of appeals to certify to us for final determination only those cases where there is a true and actual conflict on a rule of law. In so urging, we hold that (1) pursuant to Section 3(B)(4), Article IV of the Ohio Constitution and S.Ct.Prac.R. III, there must be an actual conflict between appellate judicial districts on a rule of law before certification of a case to the Supreme Court for review and final determination is

proper; and (2) when certifying a case as in conflict with the judgment of another court of appeals, either the journal entry or opinion of the court of appeals so certifying must clearly set forth the rule of law upon which the alleged conflict exists.

For the foregoing reasons, the appeal is dismissed.

Appeal dismissed.

A.W. Sweeney, Wright, Resnick and F.E. Sweeney, JJ., concur.

Moyer, C.J., concurs in the syllabus.

Pfeifer, J., dissents.

FOOTNOTES:

1   We are aware of Judge Krupansky's Civ.R. 50 argument and observe, only in passing, that if an error of law occurred, that is not a basis for certification.

2   Rule 11 of the Local Rules of the Eighth Appellate Judicial District provides, in part, that:  "* * * The motion to certify shall set forth specifically the rule of law upon which the alleged conflict between the two judgments exists and stated in such form that it can be readily incorporated in a journal entry in accordance with Section 6, Rule III, of the Supreme Court in the event the motion is granted.  * * *"

Moyer, C.J.    I concur in the syllabus and but write separately to issue a caution with respect to the application of the law we have announced herein.

Generally, the judges of the courts of appeals are as able as are the justices of this court to identify legal issues that require resolution by the Supreme Court in view of disparate opinions among the courts of appeals. The case before us is an extreme example of noncompliance with S.Ct.Prac.R. III(6).

Recognizing that it is possible to distinguish virtually any case and opinion from any other case and opinion, our opinion here should not be construed to so delimit our acceptance of certified cases as to cause courts of appeals to err in favor of noncertification of conflicts between the districts.

Pfeifer, J., dissenting.    While I concur in the majority's analysis and definition of a certified question, I would nevertheless apply the majority's holding only to future certified questions, and decide the merits of this case because it has been fully briefed and argued.  I would then reverse the court of appeals.

As a matter of law, general contractors do not owe the employees of a subcontractor a duty to provide a safe working environment, particularly in a highly dangerous setting such as a construction site.  "Where an independent contractor undertakes to do work for another in the very doing of which there are elements of real or potential danger and one of such contractor's employees is injured as an incident to the performance of the work, no liability for such injury ordinarily attaches to the one who engaged the services of the independent contractor." Wellman v. East Ohio Gas Co. (1953),  160 Ohio St. 103, 51 O.O. 27, 113 N.E.2d 629, paragraph one of the syllabus.

It is true that this court has previously indicated that the references to frequenters in R.C. Chapter 4101 can create a duty owed to frequenters who are employees of an independent contractor. Hirshbach v. Cincinnati Gas & Elec. Co. (1983), 6 Ohio St. 3d 206, 6 OBR 259, 452 N.E.2d 326. However, because Hirschbach involved the duty of an owner of the premises owed to the employee of a general contractor arising from the owner's participation in the work, that case is factually distinguishable from the present case involving the duty owed by a general contractor to an employee of its subcontractor.

When this court was confronted with a factual scenario similar to the present case, it failed to impose liability on the general contractor. Cafferkey v. Turner Constr. Co. (1986), 21 Ohio St. 3d 110, 21 OBR 416, 488 N.E.2d 189. The court held that the general contractor did not have a duty to provide a safe workplace to the employees of its subcontractor merely by virtue of its supervisory capacity or its general work rules.

In the case before us, similar facts exist. Appellant claims that a contract between the general contractor and the owner of the premises creates a duty owed by the general contractor to the subcontractor's employee. In the contract, the general contractor agrees to supervise safety on the project site. While this provision clearly creates a contractual duty owed by the general contractor to the owner, it does not create a cause of action for an employee of the subcontractor who is injured while working on the job site. A construction site is an inherently dangerous working environment. Any voluntary attempts made by general contractors to improve site safety should be encouraged. There would be little incentive to undertake such responsibility if contractors discovered that an implied duty to provide a safe workplace owed to the employees of subcontractors had been bootstrapped to the contractual duty owed to the site's owner.

Moyer, C.J., concurs in the foregoing opinion.