[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 1261.]

MILLER ET AL., APPELLEES, *v.* MIDWESTERN INDEMNITY COMPANY, APPELLANT.

[Cite as *Miller v. Midwestern Indemn. Co.*, 1997-Ohio-294.]

*Appellate procedure—Supreme Court jurisdiction—Actual conflict between appellate districts on rule of law must exist before certification of conflict is proper.*

(No. 96-803—Submitted December 11, 1996—Decided January 29, 1997.)

CERTIFIED by the Court of Appeals for Montgomery County, No. 15360.

————————————

*Weston, Hurd, Fallon, Paisley & Howley* and *William H. Baughman, Jr.*, for appellant.

————————————

{¶ 1} *Sua sponte*, cause dismissed as having been improvidently certified as a conflict case. *Whitelock v. Gilbane Bldg. Co.* (1993), 66 Ohio St.3d 594, 613 N.E.2d 1032. There is no conflict between the appellate districts because the controlling law is stated in *Harasyn v. Normandy Metals, Inc.* (1990), 49 Ohio St.3d 173, 551 N.E.2d 962.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————