**[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 1209.]**

**WINCHELL ET AL., APPELLANTS, *v*. BURCH ET AL., APPELLEES.**

**[Cite as *Winchell v. Burch*, 1997-Ohio-122.]**

*Appeal dismissed as improvidently allowed—Appellate procedure—Supreme Court jurisdiction—Actual conflict between appellate districts on rule of law must exist before certification of conflict is proper.*

(Nos. 96-2268 and 96-2334—Submitted September 23, 1997—Decided November 5, 1997.)

APPEAL from and CERTIFIED by the Court of Appeals for Portage County, No. 95-P-0150.

—————————

*Rex W. Post*, for appellants.

*Mitchell L. Alperin*, for appellees.

*Brouse & McDowell* and *Jay P. Porter*, urging affirmance for *amicus curiae*, The Oaks of Aurora Condominium Association.

—————————

{¶ 1} The appeal in case No. 96-2268 is dismissed, *sua sponte*, as having been improvidently allowed.

{¶ 2} There being no conflict, the cause in case No. 96-2334 is dismissed, *sua sponte*, as having been improvidently certified. S.Ct.Prac.R. IV(2)(B); *Whitelock v. Gilbane Bldg. Co.* (1993), 66 Ohio St.3d 594, 613 N.E.2d 1032.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

—————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 3} I respectfully dissent and would find that the addition of the Burches' new enlarged deck reduced the percentage of ownership of common areas so as to require a unanimous vote of all unit owners to amend the Declaration of Condominium Ownership in compliance with R.C. 5311.04(D). Therefore, I would find that the Second Appellate District's interpretation of R.C. 5311.04(D) in *Falls Homeowners' Assn., Inc. v. Aveyard* (July 27, 1994), Montgomery App. No. 14250, unreported, 1994 WL 409626, is the correct interpretation and would reverse the judgment of the court of appeals in this case.

————————————