WINCHELL ET AL., APPELLANTS, *v.* BURCH ET AL., APPELLEES.

[Cite as *Winchell v. Burch* (1997), 80 Ohio St.3d 1209.]

(Nos. 96–2268 and 96–2334—Submitted September 23, 1997—Decided November 5, 1997.)

*Rex W. Post,* for appellants.

*Mitchell L. Alperin,* for appellees.

*Brouse & McDowell* and *Jay P. Porter,* urging affirmance for *amicus curiae,* The Oaks of Aurora Condominium Association.

The appeal in case No. 96–2268 is dismissed, *sua sponte,* as having been improvidently allowed.

There being no conflict, the cause in case No. 96–2334 is dismissed, *sua sponte,* as having been improvidently certified. S.Ct.Prac.R. IV(2)(B); *Whitelock v. Gilbane Bldg. Co.* (1993), 66 Ohio St.3d 594, 613 N.E.2d 1032.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

LUNDBERG STRATTON, **J., dissenting.** I respectfully dissent and would find that the addition of the Burches' new enlarged deck reduced the percentage of ownership of common areas so as to require a unanimous vote of all unit owners to amend the Declaration of Condominium Ownership in compliance with R.C. 5311.04(D). Therefore, I would find that the Second Appellate District's interpretation of R.C. 5311.04(D) in *Falls Homeowners' Assn., Inc. v. Aveyard* (July 27, 1994), Montgomery App. No. 14250, unreported, 1994 WL 409626, is the correct interpretation and would reverse the judgment of the court of appeals in this case.