DECISION
{¶ 1} Plaintiff-appellant, Jay P. White, has filed a motion requesting this court to certify the record in this case to the Supreme Court of Ohio pursuant to Section 3(B)(4), Article IV of the Ohio Constitution and App.R. 25. In this motion, White also asks this court to reconsider its opinion in White v. Sears, Roebuck Co, Franklin App. No. 04AP-1286, 2005-Ohio-5086, pursuant to App.R. 26. For the following reasons, we deny White's motion.
 {¶ 2} Section 3(B)(4), Article IV of the Ohio Constitution gives the courts of appeals of this state the power to certify the record of a case to the Supreme Court of Ohio "[w]henever * * * a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other Court of Appeals." Before certifying a case to the Supreme Court of Ohio, an appellate court must satisfy three conditions: (1) the court must find that the asserted conflict is "upon the same question;" (2) the alleged conflict must be on a rule of law — not facts; (3) in its journal entry or opinion, the court must clearly set forth the rule of law that it contends is in conflict with the judgment on the same question by another district court of appeals. Whitelock v.Gilbane Bldg. Co. (1993), 66 Ohio St.3d 594, 596.
 {¶ 3} In his motion, White argues that this court's September 27, 2005 opinion is in conflict with Anders v. Specialty Chem. Resources, Inc.
(1997), 121 Ohio App.3d 348, a case from the Eighth District Court of Appeals. In Anders, the plaintiff argued that the trial court erred in dismissing his claims for wrongful discharge in violation of public policy, which arose when he was fired for allegedly ignoring his employer's instructions to commit crimes. In part, the defendant argued that the Whistleblower Statute, R.C. 4113.52, preempted the plaintiff's claims for wrongful discharge in violation of public policy. The court concluded otherwise, finding that the plaintiff's claims did not fall within the scope of the Whistleblower Statute because the plaintiff did not allege that he was terminated for reporting a violation of the law — the type of conduct actionable under the Whistleblower Statute. Id. at 356-357. Thus, the court found that if it held that the Whistleblower Statute preempted the plaintiff's claims, the plaintiff would have no remedy, as the statute itself could not provide any relief. Id. at 359.
 {¶ 4} White argues that Anders is contrary to our September 27, 2005 opinion because our opinion "leaves Jay White with no remedy for Sears' violation of [an] important public policy." This argument turns upon the difference in the outcomes between the two cases, and not any rule of law contained therein. In our September 27, 2005 opinion, we held that the jeopardy element of a claim for wrongful discharge in violation of public policy cannot be satisfied if alternative means, such as regulatory oversight and civil and criminal penalties, adequately protect the clear public policy at issue. Anders did not even address the jeopardy element of the wrongful discharge in violation of the public policy claim, much less reach a holding contrary to our holding. Accordingly, we conclude that Anders does not conflict with our September 27, 2005 opinion, and thus, we decline to certify the record to the Supreme Court of Ohio.
 {¶ 5} Next, White requests that this court reconsider our September 27, 2005 opinion. The test generally applied upon the filing of a motion for reconsideration in an appellate court is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue the court either did not consider at all or did not fully consider when it should have been. State v. Small, 162 Ohio App.3d 375, 378,2005-Ohio-3813, quoting Matthews v. Matthews (1982), 5 Ohio App.3d 140,143.
 {¶ 6} White urges this court to grant his motion to reconsider our September 27, 2005 opinion so that he can brief and argue the jeopardy element. White argues he deserves the opportunity for additional briefing and argument because the jeopardy element was not previously briefed or argued. We decline to grant White's request for two reasons. First, White does not make any argument that our analysis of the jeopardy issue contained an obvious error or that we failed to adequately consider the jeopardy issue. Thus, no ground exists on which to grant White's application. Second, contrary to White's assertion, he did argue, pursuant to his fourth assignment of error, that his termination would jeopardize the public policy behind the Ohio Minimum Wage Standards Act and the Fair Labor Standards Act. Although White, like any unsuccessful appellant, may now wish to add to his earlier argument, we will not reconsider our opinion in order to give him this opportunity without a substantial basis. Accordingly, we deny White's application for reconsideration.
Motion for certification and/or reconsideration denied.
BROWN, P.J., and SADLER, J., concur.