[Cite as *PNC Mtge. v. Garland*, 2014-Ohio-1944.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| PNC MORTGAGE, | ) | |
| | ) | CASE NO. 12 MA 222 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| COLLEEN M. GARLAND, | ) | JUDGMENT ENTRY |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:          Motion to Certify Conflict


JUDGMENT:          Motion Denied.


APPEARANCES:
For Plaintiff-Appellee:          Attorney Joseph Epling
                                 Attorney Barbara Borgmann
                                 Laurito and Laurito, LLC
                                 7550 Paragon Road
                                 Dayton, OH  45459


For Defendant-Appellant:          Attorney Bruce M. Broyles
                                  5815 Market Street, Suite 2
                                  Boardman, OH  44512


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite



Dated: May 2, 2014

PER CURIAM:

{¶1} Defendant-Appellant, Colleen M. Garland, has filed a motion requesting that we certify a conflict to the Ohio Supreme Court between this court's March 20, 2014 judgment in *PNC Mtge. v. Garland,* 7th Dist. No. 12MA222, 2014-Ohio-1173, and the Eighth District's judgment in *Bank of Am., N.A. v. Pate,* 8th Dist. No. 100157, 2014-Ohio-1078. Plaintiff-Appellee, PNC Mortgage, has not filed a response.

{¶2} Garland proposes that we certify the following issue for review: "What is required to satisfy the requirements of [Civ.R.] 9(C): 'A denial of performance or occurrence shall be made specifically and with particularity.' "

{¶3} A court of appeals shall certify a conflict when its judgment is in conflict with the judgment pronounced upon the same question by any other court of appeals in the state of Ohio. Section 3(B)(4), Article V, Ohio Constitution. In order to certify a conflict to the Ohio Supreme Court, we must find that three conditions are met:

> First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict *must* be "upon the same question." Second, the alleged conflict must be on a rule of law-not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993). (Emphasis sic.)

{¶4} Garland has not met this standard. The two judgments do not conflict on a rule of law; they are factually distinguishable. In *Garland*, this court held that compliance with certain federal regulations constitutes a condition precedent to foreclosure and is therefore subject to the pleading requirements in Civ.R. 9(C). *Garland* at ¶2.

{¶5} In *Garland*, the borrower raised issues in her brief in opposition to summary judgment concerning the lender's compliance with 24 C.F.R. 203.604 (face-to-face

meeting requirements) and 24 C.F.R. 203.605 (loss mitigation requirements). In her Answer Garland alleged the following:

> 11. Plaintiff failed to comply with the regulations issued by the Secretary of Housing and Urban Development in order to require immediate payment in full and Plaintiff failed to comply with HUD regulations prior to acceleration of the amounts due under the promissory note.
>
> 12. Plaintiff failed to comply with the regulations issued by the Secretary of Housing and Urban Development in order to require immediate payment in full and Plaintiff failed to comply with HUD regulations prior to acceleration of the amounts due under the mortgage.

*Garland* at ¶34.

**{¶6}** This court held that these allegations were too general in nature to comport with Civ.R. 9(C) and therefore that Garland had waived those arguments; she was "barred from later contesting the noncompliance in her brief in opposition to summary judgment, and consequently, * * * on appeal." *Garland* at ¶35.

**{¶7}** By contrast, in *Pate*, the Eighth District held that "[w]here prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, *the provision of notice* is a condition precedent,' and it is subject to the requirements of Civ.R. 9(C). (Emphasis added.) *Pate* at ¶8, quoting *First Fin. Bank v. Doellman*, 12th Dist. Butler No. CA2006–02–029, 2007-Ohio-222, ¶20.

**{¶8}** There the borrower argued in her brief in opposition to summary judgment that the lender "failed to provide her with proper notice of default pursuant to the terms of the mortgage and federal law." *Pate* at ¶3. In her Answer, Pate had alleged: " 'Plaintiff failed to give the proper and requisite notices to the Defendant pursuant to RESPA, the terms of the Note and Mortgage, or pursuant to federal regulations governing FHA mortgages.' " *Id.* at ¶2. The Eighth District held that this "provided sufficient specificity and particularity to comply with Civ.R. 9(C)." *Pate* at ¶10.

**{¶9}** Thus, in sum, in *Garland*, during summary judgment proceedings, the

borrower raised the issue of the lender's compliance with two specific federal regulations, yet she failed to cite to any specific regulations in her Answer; her allegations were general. In *Tate*, the borrower raised the issue of proper notice in her brief in opposition to summary judgment, and in her Answer alleged the lender failed to provide notice, which is arguably more specific than that provided by the borrower in *Garland*, and in any event, a different factual scenario. "Factual distinctions [such as these] are not a basis for certification." *Taylor v. Brocker*, 117 Ohio App.3d 174, 178, 690 N.E.2d 63, (7th Dist.1997)

{¶10} Accordingly, Garland's motion to certify a conflict is denied.

DeGenaro, P.J., concurs

Donofrio, J., concurs.

Waite, J., concurs.