[Cite as *McConnell v. Dudley*, 2018-Ohio-3099.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

RENEE McCONNELL, et al.,

Plaintiffs-Appellees,

v.

DONALD C. DUDLEY, JR., et al.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 17 MA 0045

---

Motion to Certify a Conflict

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Judges.

---

**JUDGMENT:**
Denied

---

*Atty. Ryan J. Melewski* and
*Atty. Mark A. Rafidi*, Rafidi, Pallante & Melewski, LLC, 105 N. Broad Street, Canfield, Ohio  44406
*Atty. Paul W. Flowers*, Paul W. Flowers Co., L.P.A., Terminal Tower, Suite 1910, 50 Public Square, Cleveland, Ohio  44113, for Plaintiffs-Appellees

*Atty. Gregory A. Beck*, and
*Atty. Andrea K. Ziarko*, Baker, Dublikar, Beck, Wiley & Mathews, 400 South Main Street, North Canton, Ohio  44720, for Defendants-Appellants.

Dated:  July 25, 2018

**PER CURIAM.**

{¶1}   On January 26, 2018 we released our Opinion in *McConnell v. Dudley*, 7th Dist. No. 17 MA 0045, 2017-Ohio-5704, -- N.E.3d --.  Appellants have filed a motion to certify a conflict, arguing that our decision conflicts with cases arising from the Eighth and Tenth Districts.  See *McCloud v. Nimmer,* 72 Ohio App.3d 533 (8th Dist.1991); *Hall-Pearson v. S. Euclid,* 8th Dist. No. 73429, 1998 WL 703390 (Oct. 8, 1998); *DiGiorgio v. City of Cleveland,* 8th Dist. No. 95945, 2011-Ohio-5878; *Wingfield v. City of Cleveland,* 8th Dist. No. 100589, 2014-Ohio-2772; *Glenn v. City of Columbus,* 10th Dist. No. 16AP-15, 2016-Ohio-7011.

{¶2}   Motions to certify a conflict are governed by Article IV, Section 3(B)(4) of the Ohio Constitution.  It provides:  "Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the Supreme Court for review and final determination."

{¶3}   Under Ohio law, "there must be an actual conflict between appellate judicial districts on a rule of law before certification of a case to the Supreme Court for review and final determination is proper."  *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 613 N.E.2d 1032 (1993), paragraph one of the syllabus.  We have adopted the following requirements from the Supreme Court:

> [A]t least three conditions must be met before and during the certification
> of a case to this court pursuant to Section 3(B)(4), Article IV of the Ohio
> Constitution.  First, the certifying court must find that its judgment is in
> conflict with the judgment of a court of appeals of another district and the

asserted conflict *must* be "upon the same question." Second, the alleged conflict must be on a rule of law—not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals. (Emphasis in original.)

*Id.* at 596.

{¶4} Appellants argue that the Eighth and Tenth Districts have held that no independent cause of action exists within R.C. 2744.02(B) imposing liability for the negligent training or hiring of police officers. As such, Appellants urge that our decision, finding that a genuine issue of material fact exists as to whether Appellants were negligent in hiring and training Officer Donald C. Dudley, Jr. is in conflict with these districts.

{¶5} In response, Appellees contend that they have not asserted an independent cause of action for negligent training or hiring of Officer Dudley. Instead, these claims are intended to serve as evidence that the Coitsville Police Department and Coitsville Township acted in a willful and wanton manner. Appellees point out that R.C. 2744.02(B)(1) provides an exception to a political subdivision's immunity where the plaintiff can successfully demonstrate that the political subdivision negligently operated a motor vehicle. Evidence of negligent training or hiring can be used to support this claim in accordance with *Wagner v. Heavlin,* 136 Ohio App.3d 719, 737 N.E.2d 989 (7th Dist.2000) and *Adams v. Ward,* 7th Dist. No. 09 MA 25, 2010-Ohio-4851.

{¶6} Appellants have misinterpreted our Opinion. We were clear in our Opinion that Appellees' complaint asserted one claim based on R.C. 2744.02(B)(1), and that

while Appellees also attempted to raise allegations against Officer Dudley as an individual, they failed to properly do so. Appellees did assert in their complaint that Officer Dudley was negligently hired or trained, however, these allegations were not construed as an independent cause of action. Instead, we stated that "R.C. 2744.02(B)(1), which strips a political subdivision of immunity when an employee negligently operates a motor vehicle, includes entrustment and failure to train claims." *McConnell* at ¶ 30, citing *Wagner, supra.* Because this is true, we treated Appellees' assertions in this regard as one claim, not separate, independent claims. Accordingly, we merged the assignments of error related to allegations under R.C. 2744.01(B)(1) of willful and wanton misconduct and negligent hiring and training into one analysis. Our Opinion comports with the two cases we relied on, *Wagner v. Heavlin,* 136 Ohio App.3d 719, 737 N.E.2d 989 (7th Dist.2000) and *Adams v. Ward,* 7th Dist. No. 09 MA 25, 2010-Ohio-4851.

{¶7} In *Wagner,* a police officer crashed into a third-party vehicle while pursuing a suspect. We reviewed whether the officer's conduct was willful and wanton pursuant to R.C. 2744.02(B)(1), the same provision at issue in the instant case. We determined that there was a genuine issue of material fact as to whether the officer acted in a willful and wanton manner. We also reviewed the plaintiff's claim that the township was liable for negligently hiring and training the officer. We found that there was also a genuine issue of material fact as to the negligent hiring and training of the officer. We recognized that a claim regarding negligent hiring and training does not state an independent cause of action. Nonetheless, a genuine issue of material fact existed as to whether the village was negligent in hiring and training. We explained that

Case No. 17 MA 0045

although the allegation of negligent entrustment and failure to train would not serve as a basis for an independent action, they were relevant to an R.C. 2744.02(B)(1) analysis as evidence of willful and wanton misconduct.

{¶8}    Similarly, in *Adams,* we reviewed the issue of whether an officer acted in a willful and wanton manner in causing a crash while pursuing a suspect.  The plaintiff in that case also claimed that the city was negligent in hiring and training the officers.  We held that, in accordance with *Adams,* negligent hiring and training of a police officer does not form the basis for an independent claim but rather, could serve as evidence of wanton or willful behavior on the part of the government.

{¶9}    Neither *Wagner* nor *Adams* is inconsistent with our Opinion in the instant matter.  Similarly, our Opinion is consistent with cases cited by Appellants.  In *Wingfield,* the Eighth District held that while negligent training and hiring of an officer is not an independent claim, it can be used as evidence of willful and wanton misconduct.  See *Wingfield,* fn. 1.  Our Opinion also does not conflict with the remaining cases cited by Appellants, each of which held that allegations of negligent entrustment and failure to train are not, themselves, independent claims.  For these reasons, Appellants' motion to certify a conflict is denied.


**JUDGE CHERYL L. WAITE**

**JUDGE GENE DONOFRIO**


Case No. 17 MA 0045

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**