[Cite as *State v. Williams*, 2020-Ohio-5045.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff- Appellee,

v.

RUBIN L. WILLIAMS,

Defendant- Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 CO 0010.**

---

Motion to Certify Conflict

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Robert Herron*, Prosecutor, *Atty. John E. Gamble*, Chief Assistant Prosecutor, *Atty. Tammie Riley Jones,* Assistant Prosecutor, 105 South Market Street, Lisbon, Ohio 44432 for Plaintiff-Appellee and

*Rubin L. Williams*, pro se, #704-728, Belmont Correctional Institute, P.O. Box 540, St. Clairsville, Ohio 43950 for Defendant-Appellant.

**Dated: October 23, 2020**

**PER CURIAM.**

{¶1} Defendant-Appellant Rubin L. Williams has filed a motion to certify a conflict under App.R. 25. Appellant states our judgment affirming his involuntary manslaughter conviction in *State v. Williams*, 7th Dist. Columbiana No. 19 CO 0010, 2020-Ohio-4430 conflicts with the judgment reversing an involuntary manslaughter conviction in *State v. Kosto*, 5th Dist. Licking No. 17 CA 54, 2018-Ohio-1925.

{¶2} In addition to citing the judgment alleged to be in conflict with the one rendered against the movant, the motion "shall specify the issue proposed for certification * * *." App.R. 25(A). Appellant makes various arguments about his case, where this court held the state presented sufficient evidence that the fentanyl Appellant supplied to the victim was the actual and proximate cause of her death. In stating our decision conflicts with *Kosto*, he claims the Fifth District held: "A defendant cannot be found guilty of involuntary manslaughter where the cause of death is a mixed drug overdose and the defendant is not charged with all of the drugs in the decedent's system." He concludes, "where the cause of death is determined [to be] a mixed drug overdose the coroner has no tool to say which drug independently caused the death of the decedent." (Mot. 4). This appears to be the specific legal issue he proposes for certification.

{¶3} "Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination." Ohio Constitution, Article IV, Section 3(B)(4). There must be an actual conflict "upon the same question" and "the alleged conflict must be on a rule of law – not facts." *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993).

{¶4} "Factual distinctions between cases do not serve as a basis for conflict certification." *Id.* at 599. In *Whitelock*, the Ohio Supreme Court dismissed the appeal on the grounds that the conflict was improperly certified and urged appellate courts to certify "only those cases where there is a true and actual conflict on a rule of law." *Id.* Furthermore, the issue proposed for certification must be dispositive of the case. *State v.*

*Agee,* 7th Dist. Mahoning No. 14 MA 0094, 2017-Ohio-7750, ¶ 4, citing *State ex rel. Davet v. Sutula,* 131 Ohio St.3d 220, 2012-Ohio-759, 963 N.E.2d 811, ¶ 2.

**{¶5}** We reviewed the Fifth District's *Kosto* case in addressing Appellant's appeal, and we criticized statements made by the *Kosto* court. The Fifth District found the evidence was insufficient to show the heroin supplied by the defendant caused the victim's death where the victim also ingested cocaine which the defendant did not supply. In that case, the coroner testified it was the acute combination of these two drugs that caused the death and he could not testify as to whether the heroin alone would have killed the victim or whether the cocaine alone would have killed the victim. The *Kosto* court seemed to believe the but-for causation test set forth by a non-binding United States Supreme Court case required the expert to say the victim "would have died from the heroin use alone.'" See *Kosto,* 5th Dist. No. 17 CA 54 at ¶ 23, quoting *Burrage v. United States,* 571 U.S. 204, 134 S.Ct. 881, 892, 187 L.Ed.2d 715 (2014).

**{¶6}** We pointed out that that particular quoted statement in *Burrage* was explaining the alternative or relaxed independent cause test and was not defining the entire doctrine of but-for causation; *Burrage* framed but-for causation as asking whether the death would not have occurred without the drug supplied by the defendant. *Williams,* 7th Dist. No. 19 CO 0010 at ¶ 32, 39. As we explained, the *Burrage* Court gave examples of but-for causation: poison is "a but-for cause" of a victim's death even if he had multiple diseases that contributed to his death "so long as, without the incremental effect of the poison, he would have lived"; even if a victim's blood contained several drugs, an expert can testify that the drug distributed by the defendant was a but-for cause of death if he would have lived in the absence of the addition of that drug; and referring to "the straw that broke the camel's back." *Williams,* 7th Dist. No. 19 CO 0010 at ¶ 29-30, citing *Burrage,* 571 U.S. at 217.

**{¶7}** In any event, we found Appellant's case was distinguishable from *Kosto* (and *Burrage*). *Id.* at ¶ 42-43. We opined that a rational person could find the state showed fentanyl was an independent cause of death (which would have occurred even if she had no other drugs in her system) as the evidence showed the decedent injected a "lethal dose" of fentanyl thinking it was the heroin which she requested from Appellant. *Id.* at ¶ 42. We alternatively said the state sufficiently established that fentanyl was a but-

for cause of death as the coroner specified that the victim would not have died if she had not used the fentanyl. *Id.* at ¶ 43, 50.

{¶8} Even though we believed *Kosto* misinterpreted the but-for test set forth in *Burrage*, the evidence in our case is distinct. And, even if we had applied the *Kosto* interpretation of *Burrage*, our judgment would not have changed due to the unique evidence in our case. As the evidence indicated the decedent believed she was receiving the heroin she ordered from Appellant (not fentanyl) and the coroner concluded the victim would still be alive but for taking the fentanyl and also concluded the dose of fentanyl in the decedent's system was lethal, this case is distinguishable from *Kosto*. Although Appellant criticizes parts of the coroner's testimony in his case, this does not change the fact that we accepted the testimony or make Appellant's facts similar to those in *Kosto*. Contrary to Appellant's suggestion, the Fifth District did not rule that a coroner is prohibited from opining that the amount of the drug supplied by the defendant was a lethal dose (or that the victim would not have died if she had not ingested the supplied drug) merely because, as here, the death certificate reported the immediate cause of death was asphyxia and reported that a condition leading to the cause was mixed drug overdose.

{¶9} For these reasons, Appellant's motion to certify a conflict is denied.

**JUDGE CAROL ANN ROBB**

**JUDGE CHERYL L. WAITE**

**JUDGE DAVID A. D'APOLITO**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**

<u>Case No. 19 CO 0010</u>