# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

ELI O'BRADOVICH aka ELY O'BRADOVICH, et al.,

Plaintiffs-Appellants,

v.

HESS OHIO DEVELOPMENTS, LLC, et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 JE 0007**

---

Appellants' Motion to Certify a Conflict

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Gregory W. Watts*, *Atty. Matthew W. Onest*, and *Atty. William G. Williams*, Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A., 4775 Munson Street NW, P.O. Box 36963 Canton, Ohio 44735-6963, for Plaintiffs-Appellants

*Atty. Kevin L. Colosimo*, and *Atty. Christopher Rogers*, Frost Brown Todd, LLC, Union Trust Building, 501 Grant Street, Suite 800, Pittsburgh, Pennsylvania 15219, for

Defendants-Appellees, Ascent Resources — Utica, LLC and Utica Minerals Development, LLC

*Atty. Rodger L. Puz*, Dickie, McCamey & Chilcote, P.C., Two PPG Place, Suite 400, Pittsburgh, Pennsylvania 15222 and

*Atty. Paul J. Schumacher*, Dickie, McCamey & Chilcote, P.C., 600 Superior Avenue East, Suite 2330, Cleveland, Ohio 44114, for Appellees, Hess Ohio Developments, LLC and CNX Gas Company LLC

Dated: June 10, 2021

_____

**PER CURIAM.**

{¶1} On March 22, 2021, we released our Opinion in *O'Bradovich v. Hess Ohio Devs., L.L.C.*, 7th Dist. Jefferson No. 20 JE 0007, 2021-Ohio-1287. On April 1, 2021, Appellants Louis O'Bradovich, Rebecca and Paul Eberhart, Natalie Louise Basnett, Camille and John Keyoski, and Ely (aka Eli) and Sandra O'Bradovich (collectively referred to as "Appellants") filed a motion to certify a conflict to the Ohio Supreme Court, pursuant to App.R. 25(A). Appellants contend that our Opinion conflicts with that of *Muffley v. M.B. Operating Co, Inc.*, 5th Dist. No. CA-6910, 1986 WL 12348 (Oct. 27, 1986). Because our Opinion was decided on facts different than *Muffley*, we deny Appellants' motion to certify a conflict.

{¶2} Motions to certify a conflict are governed by Article IV, Section 3(B)(4) of the Ohio Constitution. It provides:

Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify

the record of the case to the Supreme Court for review and final determination.

**{¶3}** Under Ohio law, "there must be an actual conflict between appellate judicial districts on a rule of law before certification of a case to the Supreme Court for review and final determination is proper." *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 613 N.E.2d 1032 (1993), paragraph one of the syllabus. We have adopted the following requirements from the Supreme Court:

> [A]t least three conditions must be met before and during the certification of a case to this court pursuant to Section 3(B)(4), Article IV of the Ohio Constitution. First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law–not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals. (Emphasis deleted.).

*Id.* at 596.

**{¶4}** In *O'Bradovich*, we were presented with the issue of whether a deed containing the phrase "other minerals" sufficiently referenced oil, gas, and hydrocarbon interests. *Id.* at ¶ 13. We extensively reviewed the development of the caselaw pertaining to this topic and held that the deed language demonstrated that oil, gas, and hydrocarbon interests were included within the reservation. *Id.* at ¶ 33.

**{¶5}** Appellants focus on a single sentence of our Opinion discussing the fact that "[o]nce drilling in Ohio became fairly commonplace, however, we may expect some reference to oil and gas when using the general language 'other minerals.' " *Id.* at ¶ 31. Appellants contend that this sentence is in conflict with *Muffley* which held that a specific reference to oil and gas should have been included as "it was beyond dispute that in that year [1960] oil and gas drilling has been conducted within Tuscarawas County for decades." *Id.* at *2.

**{¶6}** In *O'Bradovich*, we explained that the analysis begins with a presumption that the phrase "other minerals" includes the oil, gas, and hydrocarbon interests, consistent with the Ohio Supreme Court's proclamation in *Detlor v. Holland,* 57 Ohio St. 492, 49 N.E. 690 (1898). *Id.* at ¶ 26. The next step is to determine whether the parties intended to include those interests. In determining the parties' intent, a reviewing court may consider several factors, including: the language of the reservation itself, the language of the corresponding easement, and whether there is evidence of the level of oil and gas production within the locality during the relevant time period. Based on the extensive caselaw, it is clear that no one factor is determinative and the presence or absence of evidence pertaining to any one factor is likewise not determinative.

**{¶7}** Contrary to Appellants' argument, none of these cases were decided by the use of a bright-line rule. Instead, each court applied factors that were relevant to the analysis based on the available record. There is no question that these cases are reviewed by looking at the intent of the parties which requires reviewing the relevant totality of the circumstances, not just a single factor.

{¶8} Contrary to Appellants' arguments, there is a complete absence of a legal conflict between *O'Bradovich* and *Muffley*. The two holdings are entirely fact specific. The *Muffley* court was presented with evidence "beyond dispute" that drilling for oil and gas had been conducted for decades within the locality, Tuscarawas County, at the time the deed was executed in 1960. *Id.* at *2. Given that level of activity, the *Muffley* court held that the parties would have been expected to make some reference to oil and gas if those rights were intended to be included as "other minerals" in a deed reservation. *Id.* at *2.

{¶9} In *O'Bradovich*, the record was devoid of any evidence concerning whether the drilling within the locality, Jefferson County and its immediate vicinity was commonplace, at the time the deed was executed in 1940. Appellants appear to ask us to take judicial notice that drilling for oil and gas was prevalent within the vicinity of Jefferson County in 1940. However, we cannot take judicial notice of this fact, as the parties have failed to present any evidence in support and caselaw does not provide such information. While we previously acknowledged that language found in a deed executed in 1949 "could include oil and gas," we will not speculate that the same level of drilling was occurring almost a decade earlier. *Corso v. Miser*, 7th Dist. Jefferson No. 19 JE 0018, 2020-Ohio-5293. Even so, the use of the word "could" certainly does not rise to the level of "beyond dispute" as described within *Muffley*.

{¶10} As evidence pertaining to the prevalence of oil and gas drilling was not within the record, our Opinion focused on the deed itself, particularly the easement language. We held that "the deed on which the entirety of the complaint is based does not exclude oil and gas in its broad reservation language and, in fact, must be read to

include these minerals in looking at the relevant language in the easement." *O'Bradovich* at ¶ 31.

**{¶11}** The language at issue in our Opinion merely acknowledges that there is some middle ground between *Muffley* and *Detlor*. The *Detlor* Court relied in part on the fact that oil and gas was developed in small quantities within ten to twenty miles of the property in contention and there was nothing to show that the parties knew of this limited production in 1890. On the other hand, *Muffley* acknowledged there was a point at which oil and gas production become so commonplace that one would be expected to include some reference to those interests. The facts supporting that conclusion relied on evidence beyond dispute that oil and gas had been developed for decades within the locality.

**{¶12}** In other words, neither *Detlor* nor *Muffley* are in conflict with one another or with the instant case because even though some drilling for oil and gas was taking place, it does not mean that this drilling had risen to the level of "commonplace" as in *Muffley*. In reading each of these cases as a group, we can see that there has been a progression in drilling activity and that there is an area or time between the two extremes where oil and gas drilling may not be unusual but it has not become a full-blown industry within the area. And while Appellants seek to rely on a footnote in *Sheba* regarding the *Muffley* holding, this footnote is dicta. Thus, it cannot form the basis for finding that a conflict exists.

**{¶13}** In summation, *Muffley* was based on undisputed evidence pertaining to the commonplace nature of oil and gas drilling within that locality. *O'Bradovich* was based on the language contained with the deed, particularly the easement language.

Significantly, this record is completely devoid of any evidence concerning the level of oil and gas drilling in the area during the relevant time.  Thus, consistent with the caselaw, we reviewed the factors that could be supported by evidence available in this record.  As this matter is completely factually distinct from *Muffley,* no conflict of law exists.

{¶14} Accordingly, Appellants' motion to certify a conflict to the Ohio Supreme Court is denied.

**JUDGE CHERYL L. WAITE**

**JUDGE GENE DONOFRIO**

**JUDGE DAVID A. D'APOLITO**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**

[Cite as *O'Bradovich v. Hess Ohio Devs., L.L.C.*, 2021-Ohio-1996.]