[Cite as *Quest Wellness Ohio, L.L.C. v. Samuels*, 2024-Ohio-556.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

QUEST WELLNESS OHIO, LLC,

Plaintiff-Appellee,

v.

YOLANTA K. SAMUELS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0013**

---

Motion to Certify a Conflict and Motion for Reconsideration

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Steven E. Miller* and *Atty. Marissa R. Borschke*, Crabbe, Brown & James, LLP, for Plaintiff-Appellee and

*Atty. Timothy J. Cunning*, Scullin & Cunning, LLC, for Defendant-Appellant.

Dated: February 14, 2024

**PER CURIAM.**

**{¶1}** Plaintiff-Appellee, Quest Wellness Ohio, LLC, has filed a combined application for reconsideration under App.R. 26(A)(1) and a motion to certify a conflict to the Ohio Supreme Court.  For the following reasons, we deny the filing in its entirety.

## MOTION TO CERTIFY CONFLICT

**{¶2}** Appellee requests that we certify a conflict between our judgment in *Quest Wellness Ohio, LLC v. Yolanta K. Samuels*, 7th Dist. Mahoning No. 23 MA 13, 2023-Ohio-4450, and the Tenth District Court of Appeals' decision in *Ashland Global Holdings, Inc. v. SuperAsh Remainderman Ltd. Partnership*, Franklin No. 22AP-638, 2023-Ohio-3556. Appellee incorrectly cites to the Franklin County Common Pleas Division Case of *Ashland v. SuperAsh,* C.P., Franklin No. 22CV-2398, 2022 WL 19489248, as the conflicting case.

**{¶3}** In any event, Appellee requests that we certify the following question: "Does the equitable doctrine of substantial compliance apply to commercial leases?"

**{¶4}** App.R. 25, "Motion to certify a conflict," states in part:

(A) A motion to certify a conflict under Article IV, Section 3(B)(4) of the Ohio Constitution shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order of the court that creates a conflict with a judgment or order of another court of appeals and made note on the docket of the mailing, as required by App. R. 30(A). * * * A motion under this rule shall specify the issue proposed for certification and shall cite the judgment or judgments alleged to be in conflict with the judgment of the court in which the motion is filed.

**{¶5}** A court of appeals shall certify a conflict when its judgment is in conflict with the judgment pronounced upon the same question by any other court of appeals in the State of Ohio.  Section 3(B)(4), Article V, Ohio Constitution.

**{¶6}** In order to certify a conflict to the Ohio Supreme Court, we must find that three conditions are met:

First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict

*must* be "upon the same question." Second, the alleged conflict must be on a rule of law--not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993); (Emphasis sic). Moreover:

"Factual distinctions between cases do not serve as a basis for conflict certification." *Id.* at 599. In *Whitelock*, the Ohio Supreme Court dismissed the appeal on the grounds that the conflict was improperly certified and urged appellate courts to certify "only those cases where there is a true and actual conflict on a rule of law." *Id.*

*State v. Rice,* 7th Dist. Mahoning No. 21 MA 0085, 2022-Ohio-4176, ¶ 5.

{¶7} We find no conflict with *SuperAsh* or any of the other cases cited by Appellee. In its motion to certify, Appellee asserts that we held in *Quest* that "the equitable doctrine of substantial compliance is not the appropriate or applicable standard to commercial leases." (Mot. at 4, citing *Quest Wellness Ohio, LLC v. Yolanta K. Samuels*, 7th Dist. Mahoning No. 23 MA 13, 2023-Ohio-4450, ¶ 67).

{¶8} However, we did not render such a holding. We held:

The parties' joint stipulations concerning substantial compliance and equitable application concerned matters of law. The court accepted the stipulations and ruled solely based on substantial compliance. However, this was not the appropriate or applicable standard to apply in this case.

*Id.* at ¶ 67. We explained that:

However, the court in this case based its determination on incorrect legal stipulations of the parties and failed to determine if substantial compliance or other equitable measures should even apply. The court completely

bypassed whether the commercial lease in this case was clear and unambiguous and therefore required strict compliance.

*Id.* at ¶ 70. Thus, we held that plain error existed because the trial court improperly applied substantial compliance based solely on legal stipulations. We even acknowledged that "[t]here are instances where courts have applied the substantial compliance doctrine to commercial leases where tenants failed to provide written notice of the intent to extend a lease." *Id.* at ¶ 69. We cited to *Ashland, Inc. v. SuperAsh,* C.P. Franklin No. 22CV-2398, 2022 WL 19489239, (Sept. 27, 2022) and the Tenth District's recent upholding of that decision. *Id.* at ¶ 69, citing *Ashland Global Holdings Inc. v. SuperAsh Remainderman Ltd. Partnership*, 10th Dist. Franklin No. 22AP-638, 2023-Ohio-3556, 2023 WL 6390221.

{¶9} Accordingly, the cases cited by Appellee, including *SuperAsh*, are not in conflict with the present case.

{¶10} For these reasons, Appellee's motion to certify a conflict is hereby denied.

### APPLICATION FOR RECONSIDERATION UNDER APP.R. 26(A)(1)

{¶11} While Appellee captioned its filing as a motion to certify a conflict and as an application for reconsideration under App.R. 26(A)(1), no part of the Appellee's filing addresses the merits of an application for reconsideration.

{¶12} Accordingly, we overrule Appellee's App.R. 26(A)(1) application.

**JUDGE MARK HANNI**

**JUDGE CAROL ANN ROBB**

### <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**

<u>Case No. 23 MA 0013</u>