[Cite as *Patrick v. Mercy Health Youngstown, L.L.C.*, 2025-Ohio-394.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

MICHELLE L. PATRICK, INDIVIDUALLY AND AS
ADMR. OF THE ESTATE OF BRIAN D. PATRICK,

Plaintiff-Appellee,

v.

MERCY HEALTH YOUNGSTOWN LLC, et al.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
Case No.  24 MA 0034

---

Motion to Certify a Conflict

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Katelyn Dickey Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Stuart E. Scott, Atty. Michael P. Lewis*, Spangenberg Shibley & Liber LLP, *Atty. Stephen T. Keefe, Jr.*, The Keefe Law Firm, LLC, for Plaintiff-Appellee and

*Atty. Steven J. Hupp, Atty. Ronald A. Margolis, Atty. Douglas G. Leak*, Hupp Margolis & Leak LLC, for Defendants-Appellants Patrick J. Bovino, D.O. and Alteon Health, LLC.

**Dated:** February 6, 2025

**PER CURIAM.**

{¶1}    Appellants, Patrick J. Bovino, D.O. and Alteon Health, LLC move to certify a conflict to the Ohio Supreme Court between this court's decision in *Patrick v. Mercy Health Youngstown LLC*, 2024-Ohio-6132 (7th Dist.), and decisions issued by the First District and the Twelfth District Courts of Appeals.

{¶2}    A motion to certify a conflict "shall specify the issue proposed for certification and shall cite the judgment or judgments alleged to be in conflict with the judgment of the court in which the motion is filed."  App.R. 25.

{¶3}    Appellants seek to certify the following question:  "Must an appellate court address the element of an adverse 'inference of negligence' when considering whether closing argument statements about a party not testifying at trial constitute improper and prejudicial comments?"

{¶4}    Article IV, Section 3(B)(4), of the Ohio Constitution, "Organization and jurisdiction of courts of appeals," states:

> Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination.

{¶5}    To certify a conflict to the Ohio Supreme Court, we must find three conditions are satisfied.  *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596 (1993). First, we must find our judgment conflicts with the judgment issued by another appellate district on the same legal question.  *Id.*  The issue proposed for certification must be dispositive of the case.  *State ex rel. Davet v. Sutula*, 2012-Ohio-759, ¶ 2.

{¶6}    Second, the conflict must be on a rule of law, not facts.  "Factual distinctions between cases do not serve as a basis for conflict certification."  *Whitelock* at 599.

{¶7}    Third, this court's judgment or opinion must clearly set forth the rule of law that conflicts with the judgment on the same question issued by another appellate district. *Id.*

**{¶8}** Appellants assert in their motion to certify that the appellate court decisions in *Jones v. Durrani*, 2024-Ohio-1776 (1st Dist.), *Hounchell v. Durrani*, 2023-Ohio-2501 (1st Dist.), *Stratman v. Durrani*, 2023-Ohio-3035 (1st Dist.), and *Kranbuhl-McKee v. Durrani*, 2016-Ohio-5286 (12th Dist.), hold it is improper "to allow comments about a party's failure to testify because it would prejudicially allow the jury to make an adverse 'inference of negligence' rather than considering the evidence and testimony presented at trial." (January 7, 2025, Motion to Certify.) They contend these cases conflict with our opinion. Appellants provide no pinpoint cites. Upon reviewing each case, we determine that none sets forth this purported rule of law, and none conflicts with the judgment in this case.

**{¶9}** In *Jones v. Durrani*, the First District affirmed the trial court's judgment in all respects, except prejudgment interest. *Id.* at ¶ 1. The defendants filed motions for new trials and argued "the cumulative effect of comments from counsel at trial regarding Dr. Durrani's absence and the negative-inference instruction given to the jury regarding Dr. Durrani's absence was prejudicial and warranted a new trial." *Id.* at ¶ 14. The appellate court found the negative-inference jury instruction was error, but it was not reversible error when considering the jury instructions as a whole. *Id.* at ¶ 35-37.

**{¶10}** Thus, to the extent Appellants allege this case presents a conflict on a rule of law, we disagree. The issue was not dispositive in *Jones v. Durrani*. Further, the *Jones* Court found the jury instruction was erroneous, which was not an issue on appeal in the present case. *Patrick v. Mercy Health,* 2024-Ohio-6132, ¶ 35, 39.

**{¶11}** Appellants also direct us to *Hounchell vs. Durrani*, *supra*. In *Hounchell*, the defendants argued the trial court erred by permitting plaintiff's attorney to make comments and ask questions concerning Dr. Durrani's absence from the trial. The First District found no error in this regard, concluding: "We have previously rejected the argument that comments limited to the fact of [Dr.] Durrani's absence and its impact on the legal proceedings constitute error and do so again now. *See Pierce v. Durrani*, 2015-Ohio-2835, ¶ 19 (1st Dist.)." *Id.* at ¶ 64.

**{¶12}** Yet, the *Hounchell* Court concluded a jury instruction was improper because it allowed the jury to infer the defendant was absent from trial because he had been negligent and "allowed the jury to infer that Durrani was absent because of a

consciousness of guilt or because of implicit biases against those of Pakistani descent, both of which are impermissible." *Id.* at ¶ 69. Thus, the First District found the trial court abused its discretion by giving this instruction. *Id.* at ¶ 70.

{¶13} As stated, the appellate argument raised by Appellants in this case was limited to counsel's comments during closing arguments about Dr. Bovino's failure to testify; it did not challenge the court's jury instructions. *Patrick,* 2024-Ohio-6132, at ¶ 35, 39. Thus, there is no conflict between this case and *Hounchell.*

{¶14} The third case raised by Appellants in their motion to certify is *Stratman v. Durrani.* In *Stratman,* the First District found cumulative error flowing from three separate issues. One of the errors recognized in *Stratman* was the trial court's use of the identical jury instruction as the one used in *Hounchell*, which the First District found had permitted an impermissible inference about the reason for the doctor's absence during trial. *Id.* at ¶ 20-21. *Stratman* did *not* find that plaintiff's counsel's comments about the defendant's absence from trial were erroneous. Thus, *Stratman* likewise does not conflict with the instant case.

{¶15} The final case Appellants rely on for a purported conflict is *Kranbuhl-McKee v. Durrani*, 2016-Ohio-5286 (12th Dist.). In *Kranbuhl-McKee,* the Twelfth District Court of Appeals affirmed the trial court's decision denying the plaintiff's motion for a new trial after a defense verdict in favor of the doctor. The plaintiff alleged her trial attorney should have been allowed to argue during trial that the defendant's absence from trial showed his "consciousness of professional liability." *Id.* at ¶ 12. The Twelfth District found the exclusion of this argument was not an abuse of discretion. The Twelfth District also concluded the trial court had appropriately limited counsel's statements during trial to those that commented on the evidence presented. *Id.* at ¶ 15. This decision is consistent with our conclusions in the instant case. We held in part, "a defendant's failure to testify may be commented on to a jury in a civil trial." *Patrick,* 2024-Ohio-6132, at ¶ 43. We further concluded the substance of counsel's argument, which was subject to objection, was "a reasonable argument drawn from the evidence." *Id.* at ¶ 45.

{¶16} Because none of the judgments of cases cited by Appellants are in conflict with the judgment of this court upon the same question of law, we must deny their motion. Appellants' motion to certify a conflict is denied.

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

**JUDGE  KATELYN DICKEY**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**