THE STATE EX REL. DAVET, APPELLANT, *v.* SUTULA, JUDGE, APPELLEE.

[Cite as *State ex rel. Davet v. Sutula,* **131 Ohio St.3d 220, 2012-Ohio-759.**]

*Civil procedure—Appellate courts—App.R. 26—Reconsideration inapplicable to original actions—Rehearing en banc properly denied for nondispositive issue.*

(No. 2011-1506—Submitted February 22, 2012—Decided February 29, 2012.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 96548, 2011-Ohio-2803.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment denying the application of appellant, Richard F. Davet, for reconsideration of the dismissal of his complaint for a writ of prohibition to prevent appellee, Cuyahoga County Court of Common Pleas Judge Kathleen Ann Sutula, from issuing any further orders in a foreclosure action and for a writ of mandamus to compel Judge Sutula to vacate all orders, entries, and other process issued in the case. Davet's motion was "a nullity because his [prohibition] action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *See State ex rel. Washington v. Crush*, 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5; *see also* App.R. 26(A)(1) (detailing the procedure for applications for reconsideration "of any cause or motion submitted *on appeal*" filed in courts of appeals [emphasis added]).

{¶ 2} We also affirm the judgments of the court of appeals denying Davet's applications for en banc consideration and to certify a conflict to this court. Any conflict concerning the issue of standing in a foreclosure action recognized by the court of appeals in its decision dismissing Davet's complaint for writs of prohibition and mandamus was not dispositive of the case, because

the court of appeals held that he had an adequate remedy in the ordinary course of law by way of appeal, and this remedy rendered relief through an original action inappropriate. 8th Dist. No. 96548, 2011-Ohio-2803, ¶ 9; *see also* App.R. 26(A)(2) ("Consideration en banc is not favored and will not be ordered unless necessary to secure or maintain uniformity of decisions within the district on an issue that is dispositive in the case in which the application is filed").

**{¶ 3}** The court of appeals did not need to address the merits of Davet's jurisdictional claim—and it did not—because its jurisdiction in the writ case was "limited to determining whether jurisdiction is patently and unambiguously lacking." *State ex rel. Mason v. Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224, ¶ 12.

**{¶ 4}** Davet's notice of appeal, filed here on September 1, 2011, also appealed from the court of appeals' dismissal of his complaint on June 7, 2011. This portion of his appeal, on the merits of the dismissal itself, is dismissed as having been untimely filed.

Appeal dismissed in part

and judgments affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

—————————————

Richard F. Davet, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellee.

—————————————