[Cite as *Kirin v. D'Apolito*, 2015-Ohio-4827.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO EX REL,<br>VICTOR J. KIRIN, JR., | ) | CASE NO. 15 MA 61 |
| | ) | |
| RELATOR, | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| JUDGE DAVID D'APOLITO,<br>MAHONING COUNTY COURT, | ) | |
| | ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:        Motion to Certify a Conflict

JUDGMENT:        Denied.

APPEARANCES:

For Relator:        Victor J. Kirin, Jr., *pro se*
                            15 North Beverly Avenue
                            Austintown, Ohio 44515


For Respondent:        Atty. Paul J. Gains
                                Mahoning County Prosecutor
                                Atty. Gina DeGenova Bricker
                                Assistant Prosecuting Attorney
                                Civil Division
                                21 West Boardman Street, 5th Floor
                                Youngstown, Ohio 44503

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                                Dated: November 20, 2015

PER CURIAM.

{¶1} Relator Victor J. Kirin Jr. filed a post-judgment motion in this mandamus action, which he calls a motion to certify a conflict. For the following reasons, Relator's various requests contained in his motion are denied.

{¶2} Relator filed a three-count original action in this court against Respondent Judge David D'Apolito of Mahoning County Court Number Four. On June 4, 2015, this court sua sponte dismissed counts two and three for lack of jurisdiction. We explained: R.C. 149.351(C) requires an action for destruction of public records to be filed in the common pleas court; and the court of appeals cannot hear a tort action seeking compensatory damages.

{¶3} This left count one, a public records mandamus action filed under R.C. 149.43. Relator claimed Respondent denied his public records request, which he said was contained in two motions filed years ago in a traffic case. The motions, said to be filed under R.C. 2301.25, requested the trial court to order transcripts of pre-trial proceedings and claimed false statements were made before the proceedings were continued. However, the traffic case against Relator was dismissed by the county court.

{¶4} Respondent filed a motion to dismiss the action. This court converted the motion to a motion for summary judgment due to references to the record in the traffic case. On June 25, 2015, we provided Respondent time to supplement its motion, and we provided Relator fourteen days to respond. On September 23, 2015, this court issued an opinion analyzing the applicable law. We granted summary judgment in favor of Respondent, denied Relator's request for a writ of mandamus, and provided notice of a final order. *State ex rel. Kirin v. D'Apolito*, 7th Dist. No. 15MA61, 2015-Ohio-3964.

{¶5} On October 1, 2015, Relator filed a motion to certify a conflict. He quotes App.R. 25(A), which provides in part:

> A motion to certify a conflict under Article IV, Section 3(B)(4) of the Ohio
> Constitution shall be made in writing no later than ten days after the
> clerk has both mailed to the parties the judgment or order of the court

that creates a conflict with a judgment or order of another court of appeals and made note on the docket of the mailing, as required by App. R. 30(A). * * * A motion under this rule shall specify the issue proposed for certification and shall cite the judgment or judgments alleged to be in conflict with the judgment of the court in which the motion is filed.

{¶6} The cited constitutional provision states: "Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination." Ohio Const., Article IV, Section 3(B)(4).

{¶7} The issue proposed for certification must be dispositive of the case. *See, e.g., State ex rel. Davet v. Sutula*, 131 Ohio St.3d 220, 2012-Ohio-759, 963 N.E.2d 811, ¶ 2. Relator fails to "specify the issue proposed for certification" as required by App.R. 25(A). Furthermore, Relator fails to cite the judgment of another court of appeals alleged to be in conflict with this court's judgment in this case as required by App.R. 25(A). Accordingly, Relator's motion to certify a conflict must be denied.

{¶8} Although solely entitled a motion to certify a conflict, Relator's motion also asks this court to reconsider our decision. However, an appellate court's authority to reconsider a final decision applies only to a "cause or motion submitted on appeal." *See* App.R. 26(A). This case was an original action, not a cause or motion submitted on appeal. A party to an original action in the court of appeals cannot seek reconsideration of the final decision. *State ex rel. Davet*, 131 Ohio St.3d 220 at ¶ 1, citing *State ex rel. Washington v. Crush*, 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5. A motion to reconsider in such circumstances is a nullity. *Id.*

{¶9} Contrary to another argument, our order is not void. This court had personal jurisdiction over Relator and jurisdiction over the subject matter in count one. We did not have jurisdiction over the subject matter of counts two and three,

which is why they were sua sponte dismissed in a prior entry. As to Relator's suggestion that we improperly deprived him of an evidentiary hearing, such process is inapposite to the procedure required for rendering a dismissal or a summary judgment. This court rendered a legal decision as to our jurisdiction. We then entered a legal decision as to Relator's remaining claim after properly converting a motion to dismiss into a motion for summary judgment. *See* Civ.R. 12(B); Civ.R. 56.

{¶10} Furthermore, it is well-established that matters making an original action moot may be gleaned from items outside of the record without presenting them to the parties in advance. *See, e.g., State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228, 729 N.E.2d 1181 (2000) (the failure to properly convert the respondent-judge's dismissal motion to a summary judgment motion was harmless as the court of appeals could take judicial notice of various items making the case moot). Finally, to the extent that Relator's motion to certify a conflict asks this court to vacate our final judgment, Relator has failed to set forth a meritorious claim or a defense to summary judgment.

{¶11} For all of the foregoing reasons, the various requests contained in Relator's motion to certify a conflict are denied.[1] Clerk to serve parties.


Robb, J., concurs.

Donofrio, P.J., concurs.

Waite, J., concurs.

---

[1] This court is required to rule on a motion to certify a conflict within sixty days of its filing. App.R. 26(C). At the time this opinion began circulating among the panel members, a timely response to the motion had not been filed by the Respondent. App.R. 26(B) (ten days to respond). Due to our time constraints, if a response is filed by the Respondent, it will not be considered by the court. (As such, no further reply by Relator could be considered either.)