[Cite as *Bank of Am. v. Miller*, 2016-Ohio-7017.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| TRACY KINDERDINE, et al. | ) | |
| | ) | |
| PLAINTIFFS-APPELLEES | ) | |
| | ) | |
| V. | ) | CASE NO. 14 MA 0174 |
| | ) | |
| MAHONING COUNTY BOARD OF | ) | OPINION |
| DEVELOPMENTAL DISABILITIES, et al. | ) | AND |
| | ) | JUDGMENT ENTRY |
| DEFENDANTS-APPELLANTS | | |

CHARACTER OF PROCEEDINGS:     Motion to Certify a Conflict

JUDGMENT:                                       Denied

APPEARANCES:

For Plaintiffs-Appellees

Attorney W. Craig Bashien
Attorney Anthony N. Palombo
Bashein & Bashein Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113

Attorney Paul Flowers
Paul W. Flowers Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113

Attorney Thomas J. Wilson
Comstock, Springer & Wilson Cp., L.P.A.
100 Federal Plaza East, Suite 926
Youngstown, Ohio 44503-1811

For Defendants-Appellant

Attorney Todd M. Raskin
Attorney Carl E. Cormany
Attorney Frank H. Scialdone
Mazanec, Raskin & Ryder Co., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: September 23, 2016

PER CURIAM.

{¶1} Plaintiffs–Appellees, Tracy Kinderdine et al., have filed a motion requesting that we certify two conflicts to the Ohio Supreme Court between this court's June 30, 2016 judgment in the instant case, *Kinderdine, et al., v. Mahoning County Board of Developmental Disabilities et al.*, 7th Dist. No. 14 MA 0174, 0177, 0180, 0181, 2016–Ohio–4815, and the Eighth District's judgment in *Kerber v. Cuyahoga Hts.*, 8th Dist. No. 102419, 2015-Ohio-2766, regarding physical defects, and the Sixth District's decision in *Seiler v. Norwalk*, 192 Ohio App.3d 331, 2011-Ohio-548, 949 N.E.2d 63 (6th Dist.) regarding the restoration of immunity. Defendants–Appellants, Mahoning County Board of Developmental Disabilities, et al., filed a brief in opposition.

{¶2} A court of appeals shall certify a conflict when its judgment is in conflict with the judgment pronounced upon the same question by any other court of appeals in the state of Ohio. Section 3(B)(4), Article V, Ohio Constitution. In order to certify a conflict to the Ohio Supreme Court, we must find that three conditions are met:

First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict *must* be "upon the same question." Second, the alleged conflict must be on a rule of law-not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993). (Emphasis sic.)

{¶3} The Kinderdines have set forth two issues which they contend require certification to the Ohio Supreme Court:

1. Does the phrase "due to physical defects" set forth in R.C. 2744.02(B)(4) require that the physical defect must always be the actual instrumentality that inflicts the injury?

2. In order to restore immunity under R.C. 2744.03(A)(5) must the political subdivision establish with admissible evidence that discretionary decisions were rendered?

**{¶4}** The Kinderdines have not met the standard for conflict certification; our judgment here does not conflict on a rule of law with the Eighth District in *Kerber*, nor with the Sixth District in *Seiler*. Rather, they are factually different. Factual distinctions are not a basis for certification. *Whitelock*, supra.

**{¶5}** Accordingly, the Kinderdines' motion to certify a conflict is denied.

DeGenaro, J., concurs.

Waite, J., concurs.

Robb, J., concurs.