[Cite as *Nau v. Stonebridge Operating Co., L.L.C.*, 2019-Ohio-4747.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## NOBLE COUNTY

HERMAN AND BETTY NAU,

Plaintiffs-Appellees,

v.

STONEBRIDGE OPERATING COMPANY,LLC ET AL.,

Defendants-Appellants.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 19 NO 0466

---

Motion to Certify a Conflict

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Overruled.

---

*Atty. Ethan Vessels,* Fields, Dehmlow and Vessels, 309 Second Street, Marietta, Ohio 45750, and *Atty. Andrew Lycans*, Critchfield, Critchfield, and Johnston, 225 North Market Street, P.O. Box 599, Wooster, Ohio 44691, for Plaintiffs-Appellees and

*Atty. Daniel Corcoran,* Theisen Brock, 424 Second Street, Marietta, Ohio 45750, for Defendants-Appellants.

Dated:  November 14, 2019

**PER CURIAM.**

{¶1}    On September 16, 2019, Defendants-Appellants, Stonebridge Operating Company, LLC ("Stonebridge"), Positron Energy Resources, Inc. ("Positron"), SEOR LLC ("SEOR"), and W.H. Haas Family Ltd. ("Haas")(collectively "Appellants"), filed a motion to certify a conflict to the Ohio Supreme Court between our decision and the decision of the Fourth District in *Holland v. Gas Enterprises Co.,* 4th Dist. Washington No. 14CA35, 2015-Ohio-2527. Plaintiffs-Appellees, Herman and Betty Nau, and Intervening Plaintiff-Appellee, Siltstone Resources, LLC filed their brief in opposition on September 23, 2019. Appellants filed their reply brief on September 25, 2019.

{¶2}    App.R. 25(A) reads, in pertinent part:

A motion to certify a conflict under Article IV, Section 3(B)(4) of the Ohio Constitution shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order of the court that creates a conflict with a judgment or order of another court of appeals and made note on the docket of the mailing, as required by App. R. 30(A). * * * A motion under this rule shall specify the issue proposed for certification and shall cite the judgment or judgments alleged to be in conflict with the judgment of the court in which the motion is filed.

{¶3}    Article IV, Section 3(B)(4) of the Ohio Constitution reads:

Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination.

{¶4}    Hence, the following conditions must be met before and during certification pursuant to Section 3(B)(4), Article IV of the Ohio Constitution:

First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict

Case No. 19 NO 0466

must be "upon the same question." Second, the alleged conflict must be on a rule of law – not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals. (Emphasis deleted.)

*State v. Agee*, 7th Dist. Mahoning No. 14 MA 0094, 2017-Ohio-7750, ¶ 4, quoting *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 613 N.E.2d 1032, (1993), paragraph one of the syllabus. In addition, the issue proposed for certification must be dispositive of the case. *Agee* at ¶ 4, citing *State ex rel. Davet v. Sutula*, 131 Ohio St.3d 220, 2012-Ohio-759, 963 N.E.2d 811, ¶ 2.

{¶5} In *Holland, supra,* the Fourth District reversed the entry of summary judgment in favor of the lessors to an oil and gas lease (landowners) based on their failure to comply with R.C. 5301.10, which requires that persons whose interest in an oil and gas lease appears "of record or file" be joined in a forfeiture action. The Fourth District opined that "when [the defendant's] interrogatory response * * * indicated that Upper Fifteen Mile Investment had an 'overriding' interest in the lease, a genuine issue of material fact arose over whether the landowners had satisfied their statutory duty under R.C. 5301.10." *Id.* at ¶ 15. The *Holland* Court recognized that [the defendant's] response "was not a vague reference by a defendant to unknown entities or persons," but "an express reference to Upper Fifteen Mile Investment and the type of interest claimed." *Id.* The Fourth District concluded that "[o]nce a genuine issue of material fact arose over whether Upper Fifteen Mile Investment had an interest in the lease, the landowners had a duty under the statute to either join it as a defendant for their claim to proceed or establish Upper Fifteen Mile had no legitimate interest." *Id.* at ¶16.

{¶6} When Positron and Stonebridge were asked by way of an interrogatory to state the name and API number for every well located on the property that is subject to the litigation that has produced oil or gas, or both, they responded, "Noll C and Baker C #1 API #: 34121217790000 <u>There may be other wells on the Lease</u>." (Emphasis added). When asked to state the name and address of every person or entity that claims an interest in the oil and gas lease that is the subject of this litigation, Positron and Stonebridge responded, "N/A."

Case No. 19 NO 0466

**{¶7}** Positron and Stonebridge also filed the affidavit of Stonebridge's manager, Eddy Biehl, written in the third-person, in which he averred that "[b]ased upon public records it is believed there are other wells operating and producing that may be in the 300 acre tract but he has not seen certified title work to that effect." (Biehl Aff. ¶7.) Biehl further averred that "[h]e believes but has not verified that this same 300 acre tract may be subject to a lease of B&N Coal." (*Id.* ¶ 9.)

**{¶8}** During a status conference on August 1, 2018, the trial court ordered Positron and Stonebridge to provide the names of those persons or entities claimed to have an interest in the "deep rights" together with the volume and page of the recorded instruments creating the interest. Positron and Stonebridge were further ordered to provide "[t]he name and location of any wells (other than the one in question) that are or were in existence on the leased premises." (8/7/18 J.E., p. 1).

**{¶9}** On September 5, 2018, Positron and Stonebridge filed documents evidencing potential title in SEOR and Haas. They made no reference to additional wells in the pleading, and did not rely on any of the documents filed on September 5, 2018 to demonstrate the existence of additional wells on the leasehold. SEOR and Hass were joined as parties pursuant to an agreed order dated October 12, 2018.

**{¶10}** R.C. 5301.10 reads, in its entirety:

> The plaintiff in an action to cancel a lease or license mentioned in section 5301.09 of the Revised Code, or in any way involving it, in order to finally adjudicate and determine all questions involving such lease or license in such action, need only make those persons defendants, so far as such lease or license is involved, who claim thereunder and are in actual and open possession, and those who then appear of record, or by the files in such office, to own or have an interest in such lease or license. If there is no claimant in actual and open possession, and no persons whose interest appears of record or file, then so far as such lease or license is involved, it will only be necessary to make the original lessee or licensee defendant in order to finally adjudicate and determine all questions concerning such lease or license.

**{¶11}** Appellants assert that we shifted the R.C. 5301.10 duty to Appellants because we recognized that they were parties "'most likely to have knowledge of the actual number of wells operating on the leasehold.'" (Reply Brf., 2.) To the contrary, Positron and Stonebridge were ordered by the trial court as a part of the discovery process to provide the names and locations of any other wells that are or were in existence on the leased premises. We merely recognized that Appellees could rely on the response by Positron and Stonebridge to the trial court's order to establish that no additional wells existed. Appellants' argument conflates their discovery obligation with the burden of proof in this case.

**{¶12}** Appellants assert that "[i]n *Holland* and in this case the defendants presented the <u>same evidence and information</u> in response to the landowner's motion for summary judgment." (Emphasis in original)(Mot. To Certify, p. 4-5.) The response to interrogatory in *Holland* plainly stated that a non-party had an overriding interest in the lease. Here, the responses to interrogatories and the Biehl affidavit offered conjecture that non-parties may have an interest in the lease. As a consequence, we found no genuine issue of material fact.

**{¶13}** The response to the interrogatory in *Holland* was definitive, whereas the responses to interrogatories and the averments in the Biehl affidavit in this case were speculative. Because the distinction between *Holland* and the above-captioned case turns on the facts, rather than the law, the motion to certify conflict is overruled.


**JUDGE DAVID A. D'APOLITO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**


<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**


<u>Case No. 19 NO 0466</u>