[Cite as *State v. Rice*, 2022-Ohio-4176.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

KYLE RICE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0085**

---

Motion to Certify a Conflict

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Overruled.

---

*Atty. Paul J. Gains,* Mahoning County Prosecutor, and *Atty. Edward A. Czopur,* Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Rhys B. Cartwright-Jones*, 42 North Phelps Street, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated: November 9, 2022

**PER CURIAM.**

{¶1}   Appellant, Kyle Rice has filed a motion to certify a conflict to the Ohio Supreme Court pursuant to App.R. 25.

{¶2}   App.R. 25(A) reads, in pertinent part:

A motion to certify a conflict under Article IV, Section 3(B)(4) of the Ohio Constitution shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order of the court that creates a conflict with a judgment or order of another court of appeals and made note on the docket of the mailing, as required by App. R. 30(A). * * * A motion under this rule shall specify the issue proposed for certification and shall cite the judgment or judgments alleged to be in conflict with the judgment of the court in which the motion is filed.

{¶3}   Article IV, Section 3(B)(4) reads:

Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the Supreme Court for review and final determination.

{¶4}   Hence, the following conditions must be met before and during certification pursuant to Section 3(B)(4), Article IV of the Ohio Constitution:

First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law – not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals. (Emphasis deleted.)

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 613 N.E.2d 1032, (1993), paragraph one of the syllabus. In addition, the issue proposed for certification must be dispositive of the case. *State ex rel. Davet v. Sutula*, 131 Ohio St.3d 220, 2012-Ohio-759, 963 N.E.2d 811, ¶ 2.

**{¶5}** "Factual distinctions between cases do not serve as a basis for conflict certification." *Id.* at 599. In *Whitelock*, the Ohio Supreme Court dismissed the appeal on the grounds that the conflict was improperly certified and urged appellate courts to certify "only those cases where there is a true and actual conflict on a rule of law." *Id.*

**{¶6}** Appellant asserts that our judgment affirming the trial court's decision to exclude specific instances of his victim's prior conduct in order to establish his state of mind when he shot her, see *State v. Rice*, 7th Dist. Mahoning No. 21 MA 0085, 2022-Ohio-3291, ¶ 70, conflicts with the judgment of several other Ohio intermediate appellate courts, that is, *State v. Smith*, 3d Dist. Logan No. 8-12-05, 2013-Ohio-746, ¶ 18, quoting *State v. Moore*, 3d Dist. Allen Nos. 1-06-89, 1-06-96, 2007-Ohio-3600, ¶ 59; *State v. Cobb*, 3rd Dist. Allen No. 1-20-43, 2021-Ohio-3877, ¶ 71, appeal allowed sub nom. *State v. Cobb*, 166 Ohio St.3d 1413, 2022-Ohio-554, 181 N.E.3d 1207, ¶ 71; *State v. Herron*, 2d Dist. Montgomery No. 28146, 2019-Ohio-3292, ¶ 28; *State v. Ryan*, 2018-Ohio-2600, 115 N.E.3d 659, ¶ 93 (11th Dist.); *State v. Gott*, 6th Dist. Lucas No. L-11-1070, 2013-Ohio-4624, ¶ 35. Appellant writes, "[t]his Court's opinion in Paragraph 70 appears to hold open the possibility that these districts' opinions take a different view to the issue of whether a '. . . defendant may testify about specific instances of the victim's prior conduct known to the defendant in order to establish the defendant's state of mind.'" (9/23/22 Mot. To Certify, p. 1.)

**{¶7}** Contrary to Appellant's argument, we adopted the rule of law articulated in the cited cases that Appellant was permitted to offer specific instances of his victim's prior conduct in order to establish his state of mind when he fatally shot her. We affirmed the trial court's decision to exclude Appellant's testimony regarding two previous incidents involving the victim because we found no abuse of discretion with respect to the trial court's analysis of the facts:

> The trial court excluded Appellant's testimony regarding the 2014 and 2016 allegations because there was no evidence that Appellant feared Danekua.

The trial court cited Appellant's decision to bring a handgun to Danekua's residence as further evidence that he did not fear her. Further, the trial court opined that Appellant and Danekua had obviously "made amends" following the 2014 and 2016 incidents, as evidenced by the birth of KJ and Appellant's visit to Danekua's residence that evening. Although not cited by the trial court, the state also asserted that Appellant declined to pursue charges with respect to the 2014 police report, which alleged that Danekua cut Appellant's ear with a knife.

Contrary to Appellant's argument, we find that the trial court did not abuse its discretion when it excluded any testimony from Appellant regarding the 2014 and 2016 incidents. First, the 2016 incident did not involve a physical attack. Accordingly, Appellant's testimony regarding the 2016 incident would not inform his state of mind as it relates to Danekua's propensity to seriously injure or kill him.

Further, there was insufficient evidence offered by Appellant to conclude that the 2014 incident, which did involve a physical assault, was relevant. According to the state, the 2014 police report established that Danekua slashed Appellant's tires and cut his ear with a knife. However, it is not clear whether Danekua was in a rage in 2014 and had to be disarmed or she might have seriously injured or killed Appellant with the knife, or that cutting his ear was part of a non-frenzied, non-lethal assault. Moreover, the degree of the injury inflicted by Danekua in 2014 is not in the record.

Even assuming arguendo that the trial court abused its discretion, the exclusion of Appellant's testimony regarding the 2014 and 2016 incidents did not cause material prejudice to Appellant based on the remaining evidence in the record. Appellant's testimony regarding the struggle for the handgun was wholly inconsistent with the physical evidence offered at trial. Appellant did not even attempt to reconcile his testimony regarding the alleged struggle for the handgun with the uncontroverted physical evidence

establishing that Danekua sustained gunshot wounds to her head, left forearm, left hand, left thigh, left hip, trunk, and neck.

Accordingly, we find that the trial court did not abuse its discretion when it excluded Appellant's testimony regarding the 2014 and 2016 incidents, and in the alternative, that Appellant suffered no prejudice as a result of the trial court's decision.

*Rice, supra*, ¶ 73-77.

**{¶8}** Insofar as any distinction between our decision and the decisions of the other Districts cited by Appellant is predicated upon facts rather than the rule of law, Appellant's motion to certify conflict is overruled.

**JUDGE DAVID A. D'APOLITO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**

<u>Case No. 21 MA 0085</u>