[Cite as *State v. Kokavec*, 2023-Ohio-3420.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO

Plaintiff-Appellee,

v.

EMIL E. KOKAVEC,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0135**

---

Motion to Certify a Conflict

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Overruled.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor*,* and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee (No Response Filed) and

*Atty. James S. Gentile* and *Atty. Rhys B. Cartwright-Jones,* 42 North Phelps Street, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated: September 22, 2023

**PER CURIAM.**

{¶1} Appellant, Emil E. Kokavec, filed a motion pursuant to App.R. 25 to certify this case to the Supreme Court of Ohio on the basis of a conflict. Appellant asserts this court's decision in *State v. Kokavec*, 7th Dist. Mahoning No. 22 MA 0135, 2023-Ohio-2901, is in conflict with a decision of the Twelfth District Court of Appeals, *State v. Papusha*, 12th Dist. Preble No. CA2006-11-025, 2007-Ohio-3966. Appellee, the State of Ohio, did not file a response.

{¶2} App.R. 25, "Motion to certify a conflict," states in part:

(A) A motion to certify a conflict under Article IV, Section 3(B)(4) of the Ohio Constitution shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order of the court that creates a conflict with a judgment or order of another court of appeals and made note on the docket of the mailing, as required by App. R. 30(A). * * * A motion under this rule shall specify the issue proposed for certification and shall cite the judgment or judgments alleged to be in conflict with the judgment of the court in which the motion is filed.

App.R. 25(A).

{¶3} Article IV, Section 3, "Organization and jurisdiction of courts of appeals," states in part:

Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination. Ohio Const. Article IV, Section 3(B)(4).

Hence, the following conditions must be met before and during certification pursuant to Section 3(B)(4), Article IV of the Ohio Constitution:

First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict

must be "upon the same question." Second, the alleged conflict must be on a rule of law – not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals. (Emphasis deleted.)

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 613 N.E.2d 1032, (1993), paragraph one of the syllabus. In addition, the issue proposed for certification must be dispositive of the case. *State ex rel. Davet v. Sutula*, 131 Ohio St.3d 220, 2012-Ohio-759, 963 N.E.2d 811, ¶ 2.

"Factual distinctions between cases do not serve as a basis for conflict certification." *Id.* at 599. In *Whitelock*, the Ohio Supreme Court dismissed the appeal on the grounds that the conflict was improperly certified and urged appellate courts to certify "only those cases where there is a true and actual conflict on a rule of law." *Id.*

*State v. Rice*, 7th Dist. Mahoning No. 21 MA 0085, 2022-Ohio-4176, ¶ 4-5.

**{¶4}** This court decided *Kokavec* on August 18, 2023. *Kokavec, supra.* Appellant filed his motion to certify a conflict ten days later on August 28, 2023. Thus, Appellant's motion is timely filed. App.R. 25(A). Appellant cites one judgment alleged to be in conflict with the judgment of this court. *Id;* (8/28/2023 Appellant's Motion to Certify Conflict, p. 2); *Papusha, supra.* Appellant raises one main issue proposed for certification pursuant to App.R. 25(A): "[T]he defense asks this Court to certify a conflict between the two decisions as to what the elements (sic) effect a valid foundation for admitting a LEADS [report, Law Enforcement Automated Database System,] into evidence." (8/28/2023 Appellant's Motion to Certify Conflict, p. 5).

**{¶5}** Regarding this issue, in *Kokavec*, this court stated in detail:

In his first assignment of error, Appellant argues the trial court erred in denying his Crim.R. 29 motion for acquittal because the LEADS report and the BMV Form 2255 were insufficient to establish his guilt for driving under OVI suspension.

"When a court reviews a record for sufficiency, '(t)he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 146, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

*State v. T.D.J.*, 7th Dist. Mahoning No. 16 MA 0104, 2018-Ohio-2766, ¶ 46.

Appellant takes issue with the guilty finding for driving under OVI suspension, a misdemeanor of the first degree in violation of R.C. 4510.14(A), which states:

No person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended under section 4511.19, 4511.191, or 4511.196 of the Revised Code or under section 4510.07 of the Revised Code for a conviction of a violation of a municipal OVI ordinance shall operate any motor vehicle upon the public roads or highways within this state during the period of the suspension.

R.C. 4510.14(A).

As stated, Patrolman Burich noticed a cracked front windshield on Appellant's truck and pulled over the vehicle for the R.C. 4513.02(A) unsafe vehicle violation. (5/11/2022 Bench Trial Tr., p. 6). Patrolman Burich looked up Appellant's driver's license through the LEADS database, linked to the BMV, which revealed Appellant was under an ALS for an OVI offense. (*Id.* at p. 6-7). Defense counsel placed a recurring objection on the record to Patrolman Burich's testimony concerning the information in the LEADS report on the basis of hearsay. (*Id.* at p. 7).

When Patrolman Burich returned to the station, dispatch pulled Appellant's

ALS suspension and printed it for the officer. (*Id.* at p. 8); (State's Exhibit B). Defense counsel did not object when the LEADS report was offered as an exhibit to the trial court. (*Id.* at p. 8-9). In addition to Exhibit B, the State introduced a certified copy of the BMV Form 2255 from the Girard Municipal Court Clerk of Court's Office revealing that at the time of this offense, Appellant was under an OVI suspension. (*Id.* at p. 10-11); (State's Exhibit A). Defense counsel objected to Exhibit A, which was overruled by the trial court. (*Id.* at p. 11-12).

Appellant claims the LEADS report was not properly admitted. The record reveals defense counsel objected to Patrolman Burich's testimony concerning the information in the LEADS report on the basis of hearsay. However, defense counsel did not object when the LEADS report was offered to the trial court as State's Exhibit B. Appellant has, therefore, waived this argument. *See generally Sullinger v. Reed*, 3rd Dist. Hardin No. 6-20-14, 2021-Ohio-2872, ¶ 18, quoting *Genesis Respiratory Services, Inc. v. Hall*, 99 Ohio App.3d 23, 30, 649 N.E.2d 1266 (4th Dist.1994) (Holding that while the appellant raised a hearsay objection to the testimony regarding the exhibit, the appellant failed to object to the admission of the exhibit itself and, thus, waived any error concerning the admission of the exhibit.)

Notwithstanding waiver, Appellant fails to establish that the admittance of the LEADS report was plain error. *State v. Browning*, 7th Dist. Columbiana No. 21 CO 0026, 2023-Ohio-890, ¶ 40, quoting *State v. Jackson*, 7th Dist. Columbiana No. 19 CO 0050, 2021-Ohio-1157, ¶ 25 ("Under Crim.R. 52(B), plain error exists only where there is an obvious deviation from a legal rule that affected the outcome of the proceeding.") Here, Appellant fails to demonstrate that the admittance of the LEADS report constituted an obvious deviation from a legal rule that affected the outcome of the bench trial. In fact, the LEADS report was properly admitted.

"The admission or exclusion of evidence is within the trial court's broad

discretion and this court will not reverse its decision absent an abuse of that discretion. *State v. Mays*, 108 Ohio App.3d 598, 617, 671 N.E.2d 553 (1996). Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980)." *State v. Bauman*, 7th Dist. Columbiana No. 17 CO 0016, 2018-Ohio-4913, ¶ 52.

*State v. Hickey*, 7th Dist. Harrison No. 18 HA 0003, 2019-Ohio-2640, ¶ 46.

Evid.R. 803(8), the public records exception to the rule against hearsay, states:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

* * *

(8) Public Records and Reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by defendant, unless the sources of information or other circumstances indicate lack of trustworthiness.

Evid.R. 803(8).

This court and our sister courts have held that "LEADS printouts are admissible under Evid.R. 803(8)." *State v. Lett*, 7th Dist. Mahoning No. 08 MA 194, 2009-Ohio-5268, ¶ 22; *see also State v. Papusha,* 12th Dist. Preble No. CA2006-11-025, 2007-Ohio-3966, ¶ 13; *City of Middleburg Hts. v. D'Ettorre*, 138 Ohio App.3d 700, 707-708, 742 N.E.2d 196 (8th Dist.2000).

Evid.R. 901 requires that prior to admitting evidence sufficient to support a finding that the matter in question is what its proponent claims, the proponent must authenticate or identify the evidence. Two examples of authentication or identification that conform to the requirements of the rule include: (1) testimony of a witness with knowledge that a matter is what it is claimed to be; and (2) evidence that a writing authorized by law filed in a public office is from such office where items of that nature are kept. Evid.R. 901(B)(1) and (7). A police officer's testimony is sufficient to show authenticity of a LEADS printout under Evid.R. 901. *See Papusha, supra,* at ¶ 14; *State v. Schentur*, 8th Dist. Cuyahoga No. 108448, 2020-Ohio-1603, ¶ 32.

In the instant matter, Patrolman Burich testified to the following: he obtained Appellant's driver's license; checked the license on his in-car computer through LEADS; learned that Appellant was under an OVI suspension; detailed that the LEADS database pulls records from the BMV; explained that staff at the APD also ran a copy of Appellant's LEADS printout and provided it to him; confirmed the printout was the same one that he saw which was pulled by staff at the APD; the LEADS printout confirmed Appellant was under suspension; it was the record for Appellant; the name on the printout matched the name on Appellant's driver's license; the photo on the printout matched Appellant's license and his appearance; and the printout contained the same identifying information as Appellant's license, including address, date of birth, etc. (5/11/2022 Bench Trial Tr., p. 6-10).

Thus, in addition to being properly admitted, the LEADS report was also properly authenticated through Patrolman Burich's sufficient testimony at the bench trial, establishing Appellant was under an OVI suspension.

Assuming arguendo that the LEADS report was not properly admitted, Appellant also claims that the BMV Form 2255 is not sufficient to show suspension.

At the bench trial, the State introduced a certified copy of the BMV Form 2255 from the Girard Municipal Court Clerk of Court's Office revealing that at the time of this offense, Appellant was under an OVI suspension. (*Id.* at p. 10-11); (State's Exhibit A). The BMV Form 2255 submitted in this case is a public record, self-authenticating, and was properly admitted and sufficient to show suspension. *See Schentur, supra,* at ¶ 33 ("Ohio Bureau of Motor Vehicles records constitute public records under Evid.R. 803(8))"; *Lett, supra,* at ¶ 23 ("Extrinsic evidence of authenticity is not required for certain domestic public documents and for certified copies of public records as these are self-authenticating. Evid.R. 902(1), (2), and (4)"); *State v. James*, 5th Dist. Licking No. 18-CA-51, 2018-Ohio-4989, ¶ 12-13 (Holding that the appellant's driving record from the BMV was entered into evidence at his trial as Plaintiff's Exhibit 1; that a reasonable person could have found beyond a reasonable doubt that the appellant was driving under an OVI suspension; and there was sufficient evidence to support his conviction); *City of Warrensville Heights v. Wulu*, 8th Dist. Cuyahoga No. 57783, 1989 WL 156563, *1 (Dec. 28, 1989) (A police officer may authenticate a BMV printout).

Pursuant to *Jenks, supra*, there is sufficient evidence upon which the trier of fact could reasonably conclude beyond a reasonable doubt that the elements of driving under OVI suspension were proven. Thus, the trial court did not err in overruling Appellant's Crim.R. 29 motion.

Appellant's first assignment of error is without merit.

*Kokavec, supra*, at ¶ 14-28.

**{¶6}** Appellant believes this court's decision in *Kokavec* is in conflict with *Papusha* regarding the authentication process for a LEADS report as evidence. Upon review, we disagree.

**{¶7}** As addressed, in *Kokavec,* this court, in support of our decision to affirm the trial court's judgment, cited to *Papusha* twice: (1) "This court and our sister courts have held that 'LEADS printouts are admissible under Evid.R. 803(8)'"; and (2) "A police

officer's testimony is sufficient to show authenticity of a LEADS printout under Evid.R. 901." *Kokavec, supra,* at ¶ 21-22, citing *Papusha*, *supra,* at ¶ 13-14.

**{¶8}** The Twelfth District in *Papusha* affirmed the appellant's conviction for receiving stolen property. *Papusha, supra,* at ¶ 1. In that case, the appellant argued the trial court erred in allowing the State to introduce a LEADS report over his hearsay objection. *Id.* at ¶ 9. The appellant also alleged the public records hearsay exception, Evid.R. 803(8), did not apply to the LEADS report. *Id.* "In admitting the LEADS printout into evidence, the trial court determined that the printout was hearsay, but determined that the report should be admissible pursuant to the hearsay exception in Evid.R. 803(8)[.]" *Id.* at ¶ 11. The Twelfth District found the trooper properly authenticated the LEADS printout in his testimony at trial pursuant to Evid.R. 901. *Id.* at ¶ 14. The Twelfth District concluded by finding that since the trooper identified and authenticated the LEADS report, the trial court, in its discretion, properly admitted that report into evidence. *Id.* at ¶ 16. This court did not rule opposite to the holding of the Twelfth District on a rule of law. *Kokavec* does not conflict with *Papusha.*

**{¶9}** Upon consideration, we find no conflict between the decision made by this court in *Kokavec*, decided on August 18, 2023, and the case cited by Appellant from the Twelfth District Court of Appeals, *Papusha*, decided on August 6, 2007. Accordingly, Appellant's motion to certify a conflict is hereby overruled.

**JUDGE DAVID A. D'APOLITO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**NOTICE TO COUNSEL**

**This document constitutes a final judgment entry.**

Case No. 22 MA 0135