[Cite as *Cain Ridge Beef Farm, L.L.C. v. Stubbins, Watson, Bryan & Witucky, LPA*, 2024-Ohio-359.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

CAIN RIDGE BEEF FARM, LLC et al.,

Plaintiffs-Appellants,

v.

STUBBINS, WATSON, BRYAN & WITUCKY, LPA,

Defendant-Appellee.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 23 MO 0006

---

Motion to Certify a Conflict

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Overruled.

---

*Atty. Ethan Vessels*, Fields, Dehmlow & Vessels, LLC, for Plaintiffs-Appellants and

*Atty. Jonathan H. Krol and Atty. Steven A. Chang,* Reminger Co., LPA, for Defendant-Appellee.

**Dated:** February 1, 2024

**PER CURIAM.**

**{¶1}** Appellants, Cain Ridge Beef Farm, LLC et. al, move to certify a conflict. They contend our decision in *Cain Ridge Beef Farm, LLC v. Stubbins, Watson, Bryan & Witucky, LPA,* 7th Dist. Monroe No. 23 MO 0006, 2023-Ohio-4727, conflicts with an issue of law set forth in the Eighth District Court of Appeals' decisions in *Vassil v. Gross & Gross, L.L.C.*, 8th Dist. Cuyahoga No. 94919, 2011-Ohio-1920, and *Bogart v. Gutmann*, 2nd Dist. Miami No. 2017-CA-27, 2018-Ohio-2331, 115 N.E.3d 711. Appellants' motion is overruled.

**{¶2}** For certification of a conflict to the Ohio Supreme Court to be proper, there must be conflicting decisions between appellate districts on a rule of law. *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 598-99, 613 N.E.2d 1032 (1993). "Factual distinctions are not a basis for certification." *Kinderdine v. Mahoning Cty. Bd. of Dev. Disabilities*, 7th Dist. Mahoning No. 14 MA 0174, 2016-Ohio-7017, ¶ 4. Further, the conflict of law must be dispositive of the case. *State ex rel. Davet v. Sutula*, 131 Ohio St.3d 220, 2012-Ohio-759, 963 N.E.2d 811, ¶ 2.

**{¶3}** Appellants claim the Eighth District decisions set forth a rule of law differing from this court's in *Cain Ridge Beef, supra,* where we held:

> Although Appellants had not yet lost on the merits in a court of law and there was presumably the ability to recover the withheld royalty payments, this is not the test. The focus of the discovery rule is not when an adverse legal decision is rendered.
>
> * * * Under Ohio law, a party need not have an adverse judicial decision rendered against them to start a malpractice clock.

*Id.* at ¶ 44-45. However, this court also emphasized that "[w]hen a cause of action for legal malpractice accrues is not statutorily defined and it is a fact-intensive determination." *Id.* at ¶ 30.

> [T]he focus is not on when the negligent act or questionable legal conduct occurred, but on when a reasonable person should have realized an injury may result from his attorney's conduct. The critical question is when should

Appellants have known they may have an injury caused by their attorney?

*Zimmie,* syllabus.

*Id.* at ¶ 34. Although we held an adverse legal decision is not required, we did not conclude it was irrelevant as Appellants suggest. *Id.*

**{¶4}** Furthermore, in *Vassil,* the court applied the same cognizable event test employed by this court, stating*:*

In *Zimmie II,* the Supreme Court held that a cognizable event is that event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney.

\* \* \*

Although the validity of the antenuptial agreement had been at issue for several years \* \* \*, the [legal malpractice] claim for relief did not accrue until the court struck down the antenuptial agreement.

This ruling comports with earlier decisions which have held that it is not the possibility or remote chance that there has been malpractice that causes the claim for relief to accrue, but rather an actual adverse ruling that may constitute the cognizable event. \* \* \* [T]he possibility or remote chance that malpractice has occurred does not constitute a cognizable event.

\* \* \*

\* \* \* this rule is not applied where the record demonstrates that the plaintiff discovered or should have discovered that his injury was related to his attorney's act or omission and the client is put on notice of the need to pursue possible remedies against the attorney.

*Vassil, supra*, at ¶ 17, ¶ 23-25. While we may not agree with the application of the cognizable event test by the *Vassil* Court, it nevertheless applied the same standard.

**{¶5}** In *Bogart v. Gutmann*, *supra*, the Eighth District concluded the malpractice claim failed for two reasons. It concluded the cause of action was not ripe since the plaintiff filed suit too soon. The court opined that because the underlying defendant was insolvent, it may not appear and defend a complaint if one were filed by Bogart, resulting in a default judgment. Additionally, if Bogart were to file a second lawsuit to advance the

unraised cause of action, the court of appeals opined the underlying defendant could fail to raise res judicata as a defense. *Id.* at ¶ 16-18. In light of these facts, *Bogart* concluded the malpractice claim was not ripe. *Id.* Whether malpractice had occurred was too remote.

**{¶6}** In addition, the court of appeals found there was no evidence showing Bogart had been damaged by his attorney's alleged malpractice, i.e., the decision not to file a certain claim, because the underlying defendant was insolvent. *Id.* at ¶ 1. Bogart could not establish an essential element of his malpractice claim. Accordingly, the court found this was an independent reason to affirm summary judgment. *Id.* at ¶ 19-20.

**{¶7}** The Eighth District decisions in *Bogart* and *Vassil* are factually distinguishable. Both cases apply the same rule of law to the particular facts before them. Because there is no conflict on an issue of law, we overrule Appellant's motion.


**JUDGE CAROL ANN ROBB**

**JUDGE CHERYL L. WAITE**

**JUDGE MARK A. HANNI**

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**