[Cite as *State v. Bruce*, 2024-Ohio-651.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOHN M. BRUCE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No.  23 BE 0009

---

Motion to Certify a Conflict and Application for Reconsideration

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, *Atty. Jacob A. Manning*, Assistant Prosecutor, for Plaintiff-Appellee and

*Atty. Michael P. Dunham*, for Defendant-Appellant.

Dated: February 21, 2024

**PER CURIAM.**

{¶1}   Appellant John M. Bruce, moves to certify a conflict and separately seeks reconsideration of our decision in *State v. Bruce*, 7th Dist. Belmont No. 23 BE 0009, 2023-Ohio-4719.  For the following reasons, we overrule both his application for reconsideration and his motion to certify a conflict.

Application for Reopening

{¶2}   A criminal defendant seeking to reopen an appeal must satisfy a two-part test.  First, the applicant must demonstrate there is a genuine issue whether appellate counsel was deficient for failing to raise the issue presented in the application for reopening.  And second, he must show there was a reasonable probability of success had that issue been raised.  *State v. Smith*, 95 Ohio St.3d 127, 2002-Ohio-1753, 766 N.E.2d 588, ¶ 7, citing *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998).

{¶3}   Appellant's application for reconsideration contends we should reconsider our decision in light of the Ohio Supreme Court's recent decision in *In re Z.C.*, 2023-Ohio-4703, --N.E.3d--.  In that case, the Supreme Court acknowledges that a manifest weight of the evidence argument and sufficiency of the evidence claim are separate and distinct. It does not, however, identify new standards of review for either.  *Id.*

{¶4}   Appellant argues we should reopen his case to review these distinct arguments because we addressed the two concepts and arguments in a consolidated fashion.  We disagree.

{¶5}   Appellant's third assignment of error in his direct appeal argued that his conviction was both against the manifest weight of the evidence and not supported by sufficient evidence.  Consistent with the manner in which the arguments were raised, we addressed both arguments together.  Notwithstanding, we set forth the separate legal standards for sufficiency of the evidence and manifest weight, conducted an analysis of each argument, and found each standard was satisfied.  *State v. Bruce*, *supra*, at ¶ 46-48.  The decision in *In re Z.C.* does not require anything different.

**{¶6}** Because Appellant's appellate attorney raised these issues, and we fully addressed them, he fails to show there is a genuine issue as to whether appellate counsel was deficient. Consequently, his application for reconsideration lacks merit and is denied.

<u>Motion to Certify a Conflict</u>

**{¶7}** Appellant also filed a motion to certify a conflict contending this court's decision in *State v. Bruce*, 7th Dist. Belmont No. 23 BE 0009, 2023-Ohio-4719, conflicts with an issue of law set forth in the First District Court of Appeals' decision in *State v. Phoenix*, 1st Dist. No. C-100103, 192 Ohio App.3d 127, 2010-Ohio-6009, 948 N.E.2d 468.

**{¶8}** For certification of a conflict to the Ohio Supreme Court to be proper, there must be conflicting decisions between appellate districts on a rule of law. *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 598-99, 613 N.E.2d 1032 (1993). "Factual distinctions are not a basis for certification." *Kinderdine v. Mahoning Cty. Bd. of Dev. Disabilities*, 7th Dist. Mahoning No. 14 MA 0174, 2016-Ohio-7017, ¶ 4. Further, the conflict of law must be dispositive of the case. *State ex rel. Davet v. Sutula*, 131 Ohio St.3d 220, 2012-Ohio-759, 963 N.E.2d 811, ¶ 2.

**{¶9}** Here, Appellant proposes this court's December 22, 2023 opinion conflicts with *State v. Phoenix, supra*, on the following issue:

> Can a defendant be convicted of OVI under ORC 4511.19 when there are no visible signs of intoxication such as but not limited to (1) a failed chemical test, (2) a failed field sobriety test, (3) a moving violation, (4) eyewitness as to the defendant's intoxication, or (5) an expert witness testifying that the number of drinks consumed would result in intoxication?

**{¶10}** We concluded the facts in evidence were sufficient to show Appellant was impaired, and the trial court did not err by convicting him of OVI, in violation of R.C. 4511.19(A)(1)(A). The facts in evidence included the trooper's testimony that Appellant had a strong odor of alcohol and red glassy eyes. The facts also included Appellant's admissions he drank four beers and two shots during a three-hour period and he had not eaten since about 2 p.m. He also testified that he was with a friend, who he described as inebriated, and who crashed her motorcycle and caused him to crash his. The accident

happened after 10 p.m. and after they left a bar. No field sobriety tests were administered due to Appellant's injuries. *State v. Bruce*, *supra*.

{¶11} Whereas, in *State v. Phoenix, supra,* defense counsel moved to suppress, claiming there was no probable cause to arrest Phoenix for OVI. The trial court granted the motion, and the appellate court affirmed, finding insufficient evidence of impairment. *Id*. at ¶ 7-12.

{¶12} The facts in evidence in *Phoenix* included the following. Phoenix was pulled over for operating his car with only his running and taillights. The officer noticed a "slight odor of alcohol" and saw an open beer bottle in the backseat. He also described Phoenix's eyes as glassy and bloodshot. Phoenix admitted to drinking "a couple of beers" just before the traffic stop. Phoenix passed two field sobriety tests, and the third was invalidated as improperly administered. He did not exhibit difficulty standing and his speech was not slurred. The opinion does not mention any evidence of what Phoenix last ate or when he ate prior to the stop.

{¶13} Unlike *Phoenix*, Appellant was involved in a motorcycle accident with his friend, who was inebriated and crashed as a result. Appellant admitted in detail the type and quantity of alcohol he consumed, i.e., four beers and two shots in a three-hour period, and that he had not eaten for more than 8 hours. Moreover, the trooper testified she smelled a strong odor of alcohol coming from Appellant and that his eyes were red and glassy.

{¶14} Although similar, the two cases are factually distinct. There is no conflict on a rule of law, and as such, Appellant's motion to certify a conflict is overruled.

**JUDGE CAROL ANN ROBB**

**JUDGE CHERYL L. WAITE**

**JUDGE MARK A. HANNI**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**

<u>Case No. 23 BE 0009</u>