[Cite as *G.A.I. Capital Group, L.L.C. v. Lisowski*, 2024-Ohio-1098.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

G.A.I. CAPITAL GROUP LLC,

Plaintiff-Appellee,

v.

EDWARD LISOWSKI et al.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No.  23 MA 0052**

---

Motion to Certify a Conflict

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Overruled.

---

*Atty. Brian A. Coulter*, Brouse McDowell LPA, for Plaintiff-Appellee and

*Atty. Jeffrey A. Kurz*, for Defendants-Appellants.


Dated:  March 18, 2024

**PER CURIAM.**

{¶1}    Appellants, Edward Lisowski, Kimberly Lisowski and Concepts & Creativity, LLC, move to certify a conflict.  They contend our decision in *G.A.I. Capital Group LLC v. Lisowski*, 7th Dist. Mahoning No. 23 MA 0052, 2023-Ohio-4802, conflicts on two issues with other appellate court decisions.  For the following reasons, Appellants' motion is overruled.

{¶2}    For certification of a conflict to the Ohio Supreme Court to be proper, there must be conflicting decisions between appellate districts on a rule of law.  *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 598-99, 613 N.E.2d 1032 (1993).  "Factual distinctions are not a basis for certification."  *Kinderdine v. Mahoning Cty. Bd. of Dev. Disabilities*, 7th Dist. Mahoning No. 14 MA 0174, 2016-Ohio-7017, ¶ 4.  Further, the conflict of law must be dispositive of the case.  *State ex rel. Davet v. Sutula*, 131 Ohio St.3d 220, 2012-Ohio-759, 963 N.E.2d 811, ¶ 2.

The First Alleged Conflict

{¶3}    Appellants generally contend the Ninth Appellate District decision in *First Natl. Bank of Pennsylvania v. Nader*, 9th Dist. Medina No. 16CA0004-M, 2017-Ohio-1482, 89 N.E.3d 274, conflicts.  They allege the court of appeals in *Nader* strictly construed the contract terms against the drafter of the agreement and the Ninth District's approach to contract interpretation and legal reasoning differs from our decision.  Appellants contend the difference between their case and *Nader* reflect inconsistent contract interpretations.  Appellants do not identify with specificity what conflict of law exists.  They likewise do not identify which paragraphs in *Nader* contain the alleged conflict.

{¶4}    Notwithstanding, the appellants in *Nader* sought to introduce parol evidence to support their interpretation of the disputed contract language.  The court, however, found the agreement was unambiguous, and thus, did not allow the language to be interpreted, only applied as written.  *Id.* at ¶ 25-29.

{¶5}    This court in *G.A.I. Capital Group,* employed the same principles as those in *Nader*.  *Id.* at ¶ 30-31.  We found the lease agreements were not ambiguous, and applied the plain language of the lease agreement.  Upon review of both cases, we

perceive no conflict, and as such, the first aspect of Appellants' motion to certify is overruled.

The Second Alleged Conflict

{¶6}    Appellants claim the Second and Eighth Appellate Districts' decisions in *Mong v. Dotson*, 2nd Dist. Darke No. 1173CA, 1987 WL 8029, *Babb v. Ford Motor Co.*, 41 Ohio App.3d 174, 175, 535 N.E.2d 676 (8th Dist.1987), *Amjoy Co. v. Braggs*, 8th Dist. Cuyahoga No. 64708, 1994 WL 43886, and *Royse v. Dayton*, 195 Ohio App.3d 81, 2011-Ohio-3509, 958 N.E.2d 994 (2nd Dist.), conflict with our decision.

{¶7}    Appellants claim this court held "direct knowledge of the actual repairs and conditions of the property are not necessary." They assert we held "direct testimony of a contractor with personal knowledge as to what repairs were performed and which funds were allocated for those repairs is not necessary because the landlord can testify as to what he paid." Our decision does not contain conclusions of law in this regard.

{¶8}    Instead, we found no abuse of discretion and no error in allowing the landlord to testify about the cost he paid for the repairs. Decisions regarding the admission or exclusion of evidence at trial should not be reversed on appeal absent an abuse of discretion. *Peters v. Ohio State Lottery Comm.*, 63 Ohio St.3d 296, 299, 587 N.E.2d 290 (1992). An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9}    Appellants claim there is a conclusion of law, which conflicts with that set forth in the *Mong*, *Babb*, *Amjoy*, and *Royse* decisions. We disagree.

{¶10}    *Mong* found the trial court erred by allowing an estimate as evidence without corresponding testimony from the person who prepared the estimate. It was an opinion as to the likely costs to repair the item. The jury adopted this estimate in its damages award over the estimate of defendants, who had their witness testify at trial about the necessary repairs and corresponding cost. *Id.* at *4-5.

{¶11}    The parties in *Amjoy* also presented competing evidence as to what repairs were required. The defendant presented the testimony of an inspector, who examined the property and provided an estimate of repairs totaling $230. The trial court disallowed the plaintiff from introducing its estimates as to the costs of repairs and exterminating

services totaling $6,354.66. The trial court found the estimates were inadmissible as business records. *Id.* at 1-3.

**{¶12}** *Babb* involved a discovery dispute and sanctions.

**{¶13}** Last, the court in *Royse* found reversible error in the admission of a laboratory report indicating a former firefighter had used cocaine. The report required corresponding testimony by a person with knowledge of the process, who could testify about the scientific procedure used and how the results were obtained. *Royse v. Dayton*, 195 Ohio App.3d 81, 2011-Ohio-3509, 958 N.E.2d 994 (2nd Dist.) ¶ 31-33. *Royse* concluded there was "no evidence of record demonstrating that the documentary evidence of positive test results and the ultimate conclusions reached therefrom were trustworthy." *Id*.

**{¶14}** Appellants' case involved drywall repairs to damage depicted in photographs introduced as exhibits. The parties agreed about the condition of the property when Appellants left. *G.A.I. Capital Group LLC, supra*, at ¶ 82-87.

**{¶15}** Appellants' only witness at trial testified that she did not believe the walls needed drywall repair. Appellee, on the other hand, testified about how much he paid for the repairs and removal of the items. The photographs of the alleged drywall damage were in evidence for the court to consider, and it evidently disagreed with Appellants' witness in this regard. *G.A.I. Capital Group,* at ¶ 12, 83-85.

**{¶16}** Because there is no conflict on an issue of law, the second aspect of Appellant's motion to certify also lacks merit. Appellants' motion is overruled.


**JUDGE CAROL ANN ROBB**

**JUDGE CHERYL L. WAITE**

**JUDGE MARK A. HANNI**


**<u>NOTICE TO COUNSEL</u>**
**This document constitutes a final judgment entry.**